GEORGE T. SWANN, Auditor, *vs.* EDWARD TURNER.

It is settled that a public officer is entitled to draw his salary, fixed by law, from the day of his election ; and it is *held*, that he is entitled to interest on the same, from the time a demand is made upon the auditor of public accounts for a proper warrant on the treasurer, for the amount of his salary.

" In point of justice or law, no reason is perceived by the court why the government, if it were suable, ought not to pay what, as a creditor, it could compel its own debtors to pay ; for if a different measure of compensation could be dealt out by the judicial tribunals of the country, it would be inconsistent with the dignity of government and the dictates of justice." This is the opinion of Mr. Justice Story, and is sanctioned by this court.

ON appeal from the circuit court of Hinds county ; Hon. P. W. Tompkins, judge.

The facts of the case are stated in the opinion of the court.

*D. C. Glenn*, attorney-general, for the state.

Mr. Justice FISHER delivered the opinion of the court.

The defendant was elected one of the judges of the high court of errors and appeals on the 11th of February, 1840, to fill a vacancy occasioned by the death of Judge Pray, but was not commissioned till the 8th of April, 1840.

The question presented is, whether the defendant is entitled to his salary from the day of the election or the date of his commission. If from the day of the election, whether he is entitled to interest from the time of a request made upon the auditor to give the proper warrant on the treasurer.

It is admitted that the defendant is entitled to his salary from the day of the election, but the attorney-general insists that the state is not bound to pay interest. In the case of

*Thorndike* v. *The United States,* 8 Mason's R., Judge Story says, " The United States have no prerogative to claim one law upon their own contracts as creditors, and another as debtors. If, as creditors, they are entitled to interest, as debtors, they are bound also to pay it." Again, the learned judge says, " It has been asked whether upon all contracts of the government, which are not strictly performed according to their terms, interest is to be allowed in the same manner as upon private contracts? In point of justice or law, no reason is perceived by the court why the government, if it were suable, ought not to pay, what as a creditor it could compel its own debtor to pay."

" If a different measure of compensation could be dealt out by judicial tribunals, in my judgment it would seem as little to comport with the dignity of the government, as it does with sound policy and the eternal dictates of justice." This authority is decisive of the question now before us, and commands in the fullest manner our assent to the principles therein laid down.

Judgment of the circuit court is affirmed.