## THE STATE OF MISSISSIPPI *vs.* DANIEL MAYES.

The attorney-general of the State is authorized under the statute, to employ counsel to assist him in attending to any suit in which the State is a party, and to make a contract for the payment of a fee, which will be binding in law upon the State, if the power be exercised by him in good faith, and the services are performed by the counsel employed.

Although the power is conferred upon the attorney-general to employ counsel, yet a supervisory power in relation to the contract was, to some extent, re-

The State *v.* Mayes.

served to the State, and the legislature must make an appropriation from the State treasury before the fee can, be paid, which the courts have no power to compel them to do.

As a general rule, the State is not bound to pay interest, and in cases where the contract contemplates the action of the legislature in order to pay the claim, interest cannot be claimed until such application is made to the legislature.

On appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

The facts of this case will be found in the opinion of the court.

*D. C. Glenn*, attorney-general, for the State.

*T. J. Wharton*, for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed by the appellee in the superior court of chancery, alleging that in the year 1853 the complainant was retained by the attorney-general of the State, as counsel in behalf of the State in the case of *Hezron A. Johnston* v. *The State*, then pending in this court, the attorney-general stipulating that the State would pay the complainant the sum of $1,000 for preparing an argument for a rehearing of said case before this court, and if he succeeded in obtaining a rehearing, the State would pay him the further sum of $1,000 to argue the case upon the rehearing; that the payment of the first thousand dollars was to depend upon no other condition, than that the complainant should prepare an argument in support of an application for rehearing; that complainant prepared an elaborate argument which is published with the report of the case, but that the rehearing was refused; that the State, after paying him the sum of $500 for his services, refuses to pay him the balance due on the contract. The bill, therefore, prays for a decree against the State for the balance claimed under the contract.

The attorney-general answered for the State, requiring proof of the statements of the bill, as though they had been directly

denied; and on the final hearing, upon the pleadings and proof as to the reasonableness of the claim of the complainant, a decree was rendered for the balance claimed, with interest; from which decree, this appeal is taken.

The only question presented for decision is, whether the attorney-general has authority to employ counsel to assist him in attending to any suit in which the State is a party, and to make a contract for the payment of a fee in such case which will be binding in law upon the State. This power appears to be expressly conferred upon the attorney-general by the act of 6th February, 1841; and if the power was exercised by him in good faith, and the services were performed by the counsel employed, there appears to be no doubt that the State would be bound to pay the counsel employed for his services.

The question is, whether the attorney-general has the power under the statute to stipulate for a fee in such case, and to bind the State for the payment of that sum.

The statute makes no provision as to the payment of such a contract, as is done in other cases where power is conferred upon State officers to make contracts to bind the State. No warrant upon the treasury or other means of payment is provided; and it would appear that, although the power to employ counsel was conferred upon the attorney-general, yet that a supervisory power in relation to the contract was, to some extent, reserved to the State. For it would be necessary for the legislature to make an appropriation before the claim could be paid; and this would involve the right to inquire whether the employment was made in good faith and under justifiable circumstances, and whether the services were performed according to the contract? Why, otherwise, was it not provided, as in other cases, that the claim should be paid upon the certificate of the attorney-general to the auditor, and' upon his warrant thereon, or otherwise without the action of the legislature? It is plain that the action of the attorney-general does not conclude the legislature from inquiring into the circumstances of the contract. But when the circumstances are such as to show a just and valid claim against the State, it is not to be pre-

sumed that the legislature will refuse to comply with the contract made by its duly authorized agent; and if they should, there is no power in the courts to compel them to do so.

In the present case, it appears by the bill that the complainant has received from the State the sum of $500, for and on account of the claim. In what manner and under what circumstances that sum was paid and received, or whether the matter was fully presented to and investigated and acted upon by the legislature, does not appear by any thing in the record in this case. It simply appears that the State has paid a part, and refuses to pay the balance of a claim which appears to be sustained by the evidence, and which is conceded by the attorney-general to be just.

But there is an error, for which the decree must be reversed.

In taking the account of the sum due the complainant, interest is calculated from the date of the contract with the attorney-general to the date of the decree, and constitutes a part of the money decreed to be paid. As a general rule, the State is not bound to pay interest; and in cases of this kind, where the contract contemplates the action of the legislature in order to pay the claim, it is to be presumed to have been made with reference to such action, and not to be a complete debt until the demand be made. Of course, interest could not be claimed until such application was made to the legislature, because no default would have occurred until such demand.

For this error, the judgment is reversed and the cause remanded.

By Mr. Justice FISHER, *dissenting*. — In all cases where the auditor of the State can issue his warrant to a State creditor, and refuses to do so, interest can be recovered from the State.