## TOWN OF SENATOBIA v. J. N. RYAN.

[63 South. 680.]

1. MUNICIPAL CORPORATIONS. *Suit. Interest on verdict.*
   Where Ryan contracted with a town board to do certain work and after completing a part of the job, abandoned it and gave an order on the town to a third party for the work done by him, and the town board refused to accept the order but required the sureties on Ryan's bond to enter into an agreement that such third party might go ahead and complete Ryan's contract and that the bond signed by them as Ryan's sureties would not be vitiated by this arrangement, and such third party completed the job, a suit for the price in the name of Ryan for the use of such third party against the town was properly brought.

2. INTEREST. *Interest on verdict.*
   Where the verdict of the jury was "we the jury, find for the plaintiff in the sum of one thousand seven hundred five dollars with legal interest to date," and in entering the judgment the court allowed six per cent interest from the date the suit was filed, of this the defendant could not complain.

APPEAL from the circuit court of Tate county.

HON. N. A. TAYLOR, Judge.

Suit by J. N. Ryan for the use of A. L. McCormick against the town of Senatobia. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Shands & Montgomery,* for appellant.

First Assignment. "The court erred in overruling the demurrer to the amended declaration."

Taking the allegations of the declaration as true it contains two causes of action, one for the money due to Ryan for work done prior to the assignment, a right of action on an assigned chose in action; the other, an action for money earned by McCormick in completing with

the consent of the town the assigned contract, this being at the time of the assignment not a chose in action at all. Thus the time of the assignment becomes material. When time is material it must be stated with certainty. 6 Ency. Pleading & Practice, 225, par. 3.

Being two causes of action as stated above, it was improper to join them in one and the same count. 5 Ency. Pleading & Practice, p. 305, par. 1, and p. 306, par. 3. The other points presented by the demurrer, will be discussed on the merits in the light of the facts.

. Second Assignment. ''The court erred in refusing the defendant's instructions A, B and C, set out on pages 222, 223 and 224 of the transcript.''

Instructions A and B are based upon the same contention of appellant, and that is that the legal title to the chose in action was not in J. N. Ryan at the time of the suit.

The proof uncontradictedly shows that on the 3rd day of September, 1909, the said Ryan by an order in the following words assigned his right to collect from the town of Senatobia to McCormick, viz.:

''To the Board of Mayor and Aldermen of the Town of Senatobia:

''Please pay to A. L. McCormick all amounts and warrants which may be due me for all work done for the town of Senatobia under contract dated August 11, 1909, and for so doing this shall be your warrant.

''Witness my signature this the 3rd day of September, 1909.

''J. N. Ryan.''

This order was accepted by the board, and all payments made were made to McCormick by virtue of such accepted order. When the work was done, nothing remained but the collection of the money. Ryan had parted with the right to do this, and no one on earth could make the collection except McCormick. The language was sufficient to convey, and did convey, the legal title to this right to McCormick.

This case is covered in every detail by the case of *Griggs* v. *City of St. Paul,* 57 N. W. 461, with this exception. The case at bar is a little stronger for the town than was the Griggs case, in that in our case Ryan had a contract already made with the town, and in the Griggs case the order in the same language as the case at bar was drawn prior to the execution of the contract with the town.

"A written order to an officer to pay to .a third party money belonging to the drawer, is an assignment of the right of action to 'recover it." *United States* v. *Ferguson,* 24 C. C. A. 1, 78 Fed. 103.

"The accepted order, on its delivery, operated not merely as an equitable assignment of so much of the funds as was covered thereby, but as a transfer of the legal title thereto to the payee, creating a direct indebtedness from the city to the bank as of the date of the acceptance; that no further notice to the city than was involved in the presentation and acceptance of the order was required." *Third National Bank of Phila.* v. *Atlantic City,* 75 C. C. A. 177.

Where the town recognizes the assignee as the owner of the contract and the indebtedness, such assignee is a proper party plaintiff in an action at law.  *Carlyle W. L. & P. Co.* v. *City of Carlyle,* 29 N. E. 556.

All the testimony in this case shows that the town dealt with McCormick as the owner of this indebtedness.  It did not take any formal act to operate as an acceptance of this order, but the acceptance is implied from the actions of the defendant in the premises.  *McCutcheon* v. *Rice & Co.,* 56 Miss. 455.

In the case of *Peck Hammond & Co.* v. *Williams,* 77 Miss. 824, this court held the legal title to an indebtedness due by the city of Jackson for work done by a contractor to be in the assignee, even as against materialmen.

We call especial attention to the case of *Wells* v. *Edwards House, etc.,* 96 Miss. 191, in which Justice Smith

delivered the opinion of the court. In that case the court sustained the right of an assignee in a one-fourth interest in a recovery for damages for personal injuries, to sue in his own name.

This court, in the case of *Spingler* v. *Lumber Co.,* 94 Miss. 780, holds that a contractor may assign money due and to become due on contract, and that the assent of the builder is not necessary, and that such assignee holds the legal title thereto. WHITFIELD, C. J., in the opinion on suggestion of error covers this point fully.

In the case of *Van Vacter* v. *Brewster Solomon & Co.,* 1 S. & M. 401, this court held an order similar to the one in the case at bar to be an assignment, and that upon showing that the fund was in the hands of drawee, assignee could sue at law to recover same. In other words, the legal title there, too, passes.

In the case of *Lake* v. *Hastings, for use of Pierson,* 24 Miss. 490, suit was brought against Lake in the name of Hastings for the use of Pierson, on a note which, when introduced in evidence, showed it had been endorsed by Hastings to Pierson, and that Hastings then had no beneficial interest in it. Our court held in unmistakable terms that in a court of law the suit must be in the name of the owner of the legal title, and reversed a judgment for the plaintiff.

But this question is everlastingly put to rest by Justice CAMPBELL in the case of *Beck* v. *Rosser,* 68 Miss. 72, in a case where the question was not raised at all in the lower court and presented for the first time in the supreme court, it being an appeal from a judgment by default on an account against Beck in favor of D. E. Rosser, for the use of John Moore. The account sued on was assigned by D. E. Rosser to John Moore before suit, and was reversed solely because of the wrong party plaintiff. This eminent judge regretted that he had to reverse the case, but the law is so written.

This case must be reversed because Ryan was not a proper party plaintiff.

*J. F. Dean* and *J. W. Lauderdale,* for appellee.

We have no quarrel with the authorities presented by appellant. They simply do not apply to the facts in this case. In every case cited by them, the suit was on an accepted written order for the money due or to become due the contractor. There was no question of the completion of the contract. Here the only defense attempted is that the contract upon which suit is brought was not completed according to its terms.

The town never released Ryan from his contract and made a new contract with McCormick, but specifically refused to do so. Pages 60 and 81, record. "When A. L. McCormick, a surety on the bond of J. N. Ryan, the original contractor, together with the other sureties, shall agree in writing that said bond will apply to all walks to be built or that have to this date been built under the contract originally made with Ryan and continued by McCormick. This particular order was made on December 10, 1909, after the walks had been completed. Payment was not made in full because a part of the walks had to be relaid, but five thousand dollars was ordered that day to be paid, or sufficient to make five thousand dollars with what had been paid, on the entire system as laid by McCormick and Ryan, under the entire contract, when McCormick and the other bondsmen should comply with the order of the board above set out. They did this and used the following language in a document accepted by the board. . . . "Whereas said Ryan has failed to complete his contract for certain concrete sidewalks according to the terms of said bond and A. L. McCormick, one of the sureties thereon has undertaken so to do, etc." Appellant's minutes and documents condemn it. They show on what basis the money was paid and whether on the order of Ryan or under Ryan's contract. If there was money due to McCormick, it was not because of the written order, but because he was the assignee of Ryan's contract, the assignment was not in writing and it could

have been properly brought in no other way than in the name of Ryan, for his use.

COOK, J., delivered the opinion of the court.

J. N. Ryan entered into a contract with the town of Senatobia to do certain concrete work upon the streets of the municipality. It appears from the record, that after doing a portion of the work he abandoned the job, leaving for parts unknown, because of an apprehension that the grand jury might prefer against him an indictment for some infractions of the law. Before leaving he gave to A. L. McCormick, one of the sureties on his bond to the city for the faithful performance of his contract, a written order on the board of mayor and aldermen, which order is in the following words, viz.: "To the Board of Mayor and Aldermen of the Town of Senatobia: Please pay to A. L. McCormick all amounts and warrants which may be due me for all work done for the town of Senatobia under contract dated August 11, 1909, and for so doing this shall be your warrant. Witness my signature this 3rd day of September, 1909. J. N. Ryan." When this order was presented to the town board the board required the sureties on Ryan's bond to enter into an agreement that McCormick might go ahead and complete Ryan's contract, and that the bond signed by them as Ryan's sureties would not be vitiated by this arrangement. The record shows that McCormick did then go ahead with Ryan's contract and complete the same according to contract, if his testimony is to be believed. The jury did believe McCormick, for they returned a verdict in his favor. This action was instituted in the name of Ryan for the use of McCormick, and it is insisted that Ryan had parted with the legal title by his order on the board above set out, and therefore the court should have directed the jury to find for the defendant.

We do not think this contention is sound under the facts of this case. If McCormick had stood on his order

and the board had accepted same, the contention would be maintainable. The facts are that Ryan had entered into contract to complete certain work, and by the arrangement between the town board, McCormick, and the other sureties on Ryan's bond, McCormick completed Ryan's contract. By this arrangement Ryan's contract was recognized as still in force by all the parties in interest, and McCormick, by mutual agreement, was acting as agent for Ryan. The order given by Ryan was ignored and McCormick was accepted as Ryan's representative, and the legal title to the cause of action therefore still remained in Ryan. If this is true, the action was properly instituted in Ryan's name for the use of McCormick.

There is no merit in the contention that interest should not have been allowed on the verdict. The verdict was in these words: "We, the jury, find for the plaintiff, the sum of one thousand seven hundred and six dollars and eighty-four cents with legal interest to date." In entering the judgment the court allowed six per cent. interest from the date the suit was filed, and we think defendant has no just complaint.

*Affirmed.*