## MOORE *v.* TUNICA COUNTY.*

(In Banc.   March 29, 1926.)

[107 So. 659.   No. 24979.]

1. CONSTITUTIONAL LAW.   *Officer is not estopped to challenge constitutionality of statute illegally limiting his compensation, by collecting and retaining fees provided.*

   An officer is not estopped to challenge constitutionality of statute, by collecting and retaining fees, to which it attempts to limit his compensation, which is legally more; he receiving no benefit under the statute.

2. STATUTES.   *Statute, attempting to revive scheme of compensation of certain county officers by reference only, held unconstitutional (Laws 1922, chapter 160; Constitution 1890, section 61).*

   Laws 1922, chapter 160, attempting to revive and restore as to certain county officers the scheme of compensating by fees in

effect prior to Laws 1916, chapter 102, and Laws 1920, chapter 122, and amendments thereto, and which cannot be clearly understood or applied without reference to Code 1906, section 2163 (Hemingway's Code, section 1844), and the Code provisions for collecting these fees, *held* to violate Constitution 1890, section 61, inhibiting the reviving or amending of a law by reference to its title only and requiring the part as amended or revived to be inserted at length.

3. COUNTIES. *Statute abolishing compensation for constitutional county officers, in absence of other provision therefor, is unconstitutional (Laws 1920, chapter 122, section 33; Constitution 1890, section 103).*

Laws 1920, chapter 122, section 33, providing that the salaries fixed by the act (for certain constitutional county officers) shall remain in force only till a certain date, in the absence of a valid law providing compensation for them, in effect abolishes a constitutional office by abolishing compensation therefor, and violates Constitution 1890, section 103, providing that the legislature shall provide suitable compensation for all officers.

4. STATUTES. *Unconstitutional provision that salaries fixed by act shall remain in force only till a certain time held separable, so that rest of act will stand (Laws 1920, chapter 122, section 33).*

Unconstitutional provision of Laws 1920, chapter 122, section 33, that the salaries fixed by the act for certain county officers shall remain in force only till a certain time, is separable, so that the salary as fixed thereby will continue till changed by valid laws.

---

*Corpus Juris-Cyc References: Clerks of Court, 11CJ, p. 850, n. 43. Constitutional Law, 12CJ, p. 769, n. 34; p. 770, n. 52 New; p. 800, n. 74. Counties, 15CJ, p. 497, n. 23 New. Officers 29Cyc, p. 1368, n. 56. Statutes, 36Cyc, p. 981, n. 44; p. 1102, n. 78; p. 1147, n. 30. Prohibition of amendment of statute by reference to title only, see notes in 6 A. L. R. 216; 18 A. L. R. 68; 25 R. C. L., p. 872; 4 R. C. L., Supp. 1605.

APPEAL from circuit court of Tunica county.

HON. W. A. ALCORN, JR., Judge.

Action by C. V. Moore against Tunica county. Judgment for defendant, and plaintiff appeals. Reversed and judgment rendered.

On motion to correct judgment, see succeeding case herein, or 108 So. 900.

*Dulaney & Jaquess,* for appellant.

To determine the merits of appellant's claim some examination of the following statutes is necessary.   Chapter 49, Code of 1906; chapter 29, Hemingway's Code; Chapter 102, Laws of 1916; Chapter 122, Laws of 1920; Chapter 123, 124, Laws of 1920; Chapter 160, Laws of 1922; Chapter 206, Laws of 1924; Chapter 209, Laws of 1924.

When a statute professes to repeal absolutely a prior law and substitutes other provisions on the same subject which are limited to only a certain time, the prior law does not revive after the repealing statute is spent, unless the intention of the legislature to that effect be expressed. *State* v. *Sargent* (N. M.), 136 Pac. 602; 36 Cyc. 1101, par. c.

In Mississippi an act cannot be revived in any manner except that provided by section 61 of the Constitution; that is, by an enactment in which the revived law is inserted at length. The provision that the salaries should remain in force no longer than April 1, 1922, is void because it left the officers without any compensation after that time. The legislature cannot abolish a constitutional office; and what cannot be done directly is likewise prohibited indirectly, as for instance, by repealing all provisions for compensation. *Conner* v. *Gray,* 88 Miss. 489, 41 So. 186, 9 Ann. Cas. 120; *State* v. *Supervisors of Stone County,* 136 Miss. 689, 95 So. 683; *Seay* v. *Laurel Plumbing & Metal Co.,* 110 Miss. 834, 71 So. 9.

The salary of appellant exceeded by a substantial amount the fees collected and he did not choose to accept the offer made to him by the legislature and asks for his salary under the 1920 law, at the same time recognizing the claim of the county against him for the fees collected, by filing with his declaration an itemized statement of the fees as credits on the salary.

*Appellant was not estopped from claiming the balance due on his salary because he retained the fees collected*

*by him.* Our court has held that under certain circumstances one might be estopped from claiming that a statute was unconstitutional. *Ill Cent. R. R. Co.* v. *King,* 69 Miss. 852, 13 So. 824; *Quin* v. *State,* 82 Miss. 75, 33 So. 839; *Pate* v. *Bank of Newton,* 116 Miss. 666, 77 So. 601; *Pearl River County* v. *Lacy Lbr. Co.,* 86 So. 755, 124 Miss. 85 at p. 108; *O'Brien* v. *Wheelock,* 184 U. S. 450, 46 L. Ed. 636, at 654; *Shepard* v. *Barron,* 194 U. S. 553, 48 L. Ed. 1115.

However, in the case a bar we submit that the elements of estoppel are not to be found. The county does not appear to have in any way changed its position because of any conduct of the appellant. "Estoppel operates only in favor of one who, in reliance upon the act, representation or silence of another, so changes his situation as that injury would result if the truth were shown." *Davis* v. *Butler,* 128 Miss. 847, 91 So. 279. The county at all times owed the appellant more than the fees which had been collected by him. No act of appellant either benefited him or injured appellee.

*Can one collecting a part of what is due, for that reason be estopped from claiming all that is due?* Moore did violate the requirements of the Act of 1920 by failing to pay into the county treasury the fees collected by him. He was liable to suit by the county to force an accounting for those fees. But in such suit assuredly the court would have held that he could offset his claim for salary and, if it exceeded the county's claim, recover the balance.

In an opinion handed down by Justice ETHRIDGE our court held that the acceptance of a smaller wage than that fixed by the railroad board does not *per se* waive the right to demand the balance due. *Rhodes* v. *N. O. G. N. R. R. Co.,* 129 Miss. 78, 91 So. 281.

*An officer who has accepted a salary under an act later declared unconstitutional is not estopped from claiming additional compensation at the legal rate.* See *County* v. *McKnight,* 20 Ariz. 103, 177 Pac. 256; *County* v. *Alger,* 20 Ariz. 147, 177 Pac. 272; *Phillips* v. *Graham County,*

17 Ariz. 208, 149 Pac. 755; *Glavey* v. *U. S.,* 182 U. S. 595, 45 L. Ed. 1247; *People, ex rel. Satterlee* v. *Board of Police,* 75 N. Y. 38, 42; *Kehn* v. *State,* 93 N. Y. 291; 22 R. C. L. 538, par. 235.

We call especial attention to *County* v. *McKnight,* in which the Arizona court in 1918 reviewed the earlier authorities. It involved the exact defense of estoppel presented by the case at bar; that is, an officer had received smaller compensation under a void act and was suing for the balance due him. The court discusses there the only case which we have found holding to the contrary and the one relied upon by counsel for appellee in the court below, *Gross* v. *Whitley County,* 158 Ind. 531, 64 N. E. 25, 58 L. R. A. 394. As is pointed out by the Arizona court, the holding in the Gross case in *distum* and the authority cited by the Indiana court does not support it.

*A contract by an officer for a lesser compensation than that fixed by law is void and unenforceable. Bodenhoffer* v. *Hogan,* 142 Iowa, 321, 120 N. W. 659, 134 A. S. R. 418, 19 Ann. Cas. 1073 and note.

Our court has held that one who collected fees and paid them into the public treasury could not afterwards sue to recover the same, on the theory that it constituted a voluntary payment, but in the same case recognized and followed the rule that a contract to increase or diminish compensation of a public officer fixed by law is void, and allowed the officer to recover commissions although the officer had contracted for a definite salary and had received the same for thirteen months. See *Town of Wesson* v. *Collins,* 72 Miss. 844, 18 So. 360, 917.

We submit that the case last cited is conclusive for the appellant against the defense of estoppel; that the appellant is entitled to the balance due on his salary under the Act of 1920; and that the case should be reversed and remanded.

*Wilson, Gates & Armstrong* and *Bertrand W. Cohn,* for appellee.

I.   Appellant is estopped from challenging the validity of any of the statutes providing for the fee basis of compensation for circuit clerks because he accepted these fees without protest.   One who has enjoyed the benefits of an act and who has received the compensation provided for by it is estopped to deny the constitutionality of any part of the statute.   *Gross* v. *Whitley County,* 158 Ind. 531, 58 L. R. A. 394; *New York* v. *Gorman,* 49 N. Y. Sup. 1026; *State* v. *Imel,* 242 Mo. 293, 146 S. W. 783; *Greene County* v. *Lydy,* 172 S. W. (Mo.) 376; *Outagamie County* v. *Zuehlke,* 165 Wis. 32, 161 N. W. 6; *People ex rel.* v. *Bunker,* 70 Cal. 212, 11 Pac. 703; *Board of Education* v. *Kenan,* 112 N. C. 566, 17 S. E. 485; *Philadelphia County* v. *Sheehan,* 263 Pa. 449, 107 Atl. 14.

The Arizona case cited by appellant in his brief, *County* v. *McKnight,* 177 Pac. 256, was a case where the statute had already been declared unconstitutional before the suit was filed by the officer and may be distinguished on this ground.   Counsel has been unable to find any cases supporting the Arizona doctrine in any other state.

The pleadings show that appellant is estopped from attacking the fee system, the exhibit to his declaration setting out in detail the fees which he received and kept; and likewise he is estopped from attacking the statute of 1922 and relying on the statute of 1920 in its stead as counsel in their brief candidly admit that appellant not only collected the fees in accordance with the 1922 statute, but violated the terms of the 1920 statute by not turning in the fees to the county treasury.

II.   Chapter 160, Laws of 1922, is constitutional and is neither so vague as to the invalid nor is it in violation of section 61 of the Constitution of Mississippi. The 1922 act was attacked on two grounds: (1) Because it was said to be vague.   Section 3 provided that the chancery

and circuit clerks should receive fees fixed by section 2 when as a matter of fact section 2 fixed no such fees. Section 1, however, did fix fees. It fixed them as they existed on the first Monday in January, 1916. This, we maintain, is sufficiently clear.

(2) Because it violates section 61 of the Constitution, in that it is said to attempt to revive a statute without setting forth that statute in full as revived. However, if the situation be analysed, it becomes apparent at once that this is not so. Section 3 and section 1 together provide that the clerks shall receive the fees as they existed on the first Monday in January, 1916. As a matter of fact, however, those fees have existed without interruption, at least as far back as 1906 and down to the present date. The Act of 1916, section 8, provides that the officers should continue to collect the fees then fixed by law. The Act of 1920, section 19, provides that the fees and commissions should be collected and paid into the county treasury. There never was a time when the identity of these fees was not perfectly clear. The only change that has ever taken place is the method in which those fees were disbursed, and the Act of 1922 merely provided that they should be received and kept, which undoubedly is the same method as existed under a prior statute, but the present act is complete in itself.

Furthermore, section 61 of the Constitution does not apply where the act sets forth fully in its body what statute the legislature intended to be amended. *Magee v. Lincoln County,* 109 Miss. 181.

III.   Chapter 122, Laws of 1920, is consitutional and does not abolish 'any constitutional offices because the limitation of its operation acts merely as a suspension of prior acts, since it repealed only such parts of prior laws as were in conflict with it, and, therefore, the system in existence prior to the passage of the Act of 1916 was never repealed but was only suspended in certain parts; that is, so far as it concerned the proceeds of the fees.

Section 19, chapter 122, Laws of 1920, specifically re-enacted the part which concerned the collection of fees and commissions.

Where a statute is repealed by a subsequent act, it revives upon the expiration of the period to which the repealing act is limited. *Collins* v. *Smith*, 36 Am. Dec. (Pa.) 228.

Counsel for appellant cites the case of *State* v. *Fargent* (N. M.), 136 Pac. 602, for the proposition that there is no revivor unless the intention of the legislature to that effect be expressed but this does not apply to a revivor by operation of law. *Wallace* v. *Bradshaw*, 54 N. J. L. 175, 23 Atl. 759. And there certainly will be a revivor by operation of law here where the only alternative would be to hold an entire statute unconstitutional for violating a provision forbidding the abolition of a constitutional office. But the statute itself gives us a yardstick in this case by which to measure its repeal of previous acts, because it repeals previous acts only insofar as they are in conflict with this statute; and if there should be a *hiatus* at the end of the period named in the statute for the operation of its terms, then the statute must mean nothing else other than that it did not repeal the previous statutes but only suspended them for the period named in the statute.

(a)    But if this limitation of term was unconstitutional in creating a *hiatus* and practical abolition of a constitutional office, the whole act must fall in spite of the provision of section 32 that if an article should be declared unconstitutional, the rest should stand, because such a provision is ineffectual where the part which is unconstitutional is a part of the very essence of the statute which must stand or fall as a whole; and it is apparent here that the limitation of the operation of the statute goes to the very heart of the statute. *State* v. *Samsom*, 133 Miss. 428; *Enochs* v. *State*, 133 Miss. 107.

Either the limitation of the operation of the statute merely operated as a suspension of the Act of 1916, or

the limitation went to the very heart of the statute. Consequently, it follows that either the Act of 1916 was only suspended or the Act of 1920 was altogether invalid.

(b)   And since the entire statute would have to fall, chapter 122, Laws of 1916, would continue in full force, never having been repealed, and this act provides that the salary of an officer should in no case exceed the fees collected by him. See section 7.

If the statute of 1916 was never repealed and has continued in full force during all of this period, appellant never has been entitled to anything but the fees which his office took in and, furthermore, the amount of fees which he received was limited.

Argued orally by *J. W. Dulaney* for appellant, and *Julian C. Wilson,* for appellee.

Cook, J., delivered the opinion of the court.

This suit was brought by the appellant, C. V. Moore, for a balance alleged to be due him as salary as circuit clerk of Tunica county from April 1, 1922, to January 8, 1924, under chapter 122 of the Laws of 1920, after crediting the county with all fees collected by him. A demurrer to the declaration was sustained, and Moore declined to amend, and appeals from a final judgment dismissing the suit.

This case involves the validity of chapter 160 of the Laws of 1922, and section 33 of chapter 122 of the Laws of 1920. It is contended for the appellant that the act of 1922 is violative of section 61 of the Constitution of 1890, in so far as the same attempts to fix the compensation of circuit and chancery clerks by reviving or restoring the provisions of law which had existed in 1916 without inserting at length the provisions of law which the act attempted to restore, and also that the act is void because it is so vague and indefinite as to be unenforceable.

It is also contended that section 33, chapter 122, Laws of 1920, providing that ''the salaries fixed by this act shall remain in force until April 1, 1922, and no longer,'' is unconstitutional and void, because it in effect abolishes a constitutional office by abolishing all compensation therefor after April 1, 1922, and, consequently, that the appellant is entitled to receive the salary as circuit clerk as fixed by chapter 122 of the Laws of 1920.

There are various statutory provisions which are necessary to be examined in passing upon the questions here presented, and the first one is section 2163, Code of 1906 (section 1844, Hemingway's Code), which provided:

That it should be lawful for the clerks of the circuit and chancery courts, and other named officers, ''to demand, receive, and take the several fees hereinafter mentioned and allowed for any business by them respectively done by virtue of their several offices, and no more.''

Then followed a number of sections setting forth the fees which may be demanded and received by these several officers.

In 1916 the legislature passed the first salary law for county officers, being chapter 102, Laws of 1916, which divided the counties of the state into five classes and fixed certain salaries to be paid to the several officers in counties of each class. This act fixed a maximum number of deputies for circuit clerks, and also a maximum salary for such deputies, and authorized the board of supervisors to fix the number and the salary of such deputies within the prescribed limits. It was further provided that the several officers should continue to collect the fees then fixed by law and pay these fees into the county treasury; that the salary of the officer should in no case exceed the fees and commissions collected by him and paid into the county treasury, and that each officer should receive his salary out of such fees and commissions. It was further provided that the act should take effect on the first Monday in January, 1920, and that all laws and parts of laws in conflict therewith were repealed.

In 1920 the legislature enacted a new salary law covering completely the subject of salaries of county officers. Chapter 122, Laws of 1920. This act classified the counties in a manner different from the classification in the act of 1916 and provided for different salaries. It provided for a different number of deputies for the circuit clerks, whose salaries within a maximum named were to be fixed by the clerk. It further provided that the fees and commissions fixed by law should still be collected and paid into the county treasury, but, unlike the act of 1916, did not require the salary of the officer to be paid from fees collected. This act repealed all laws or parts of laws in conflict therewith, and provided that, if any part of the act should be held to be unconstitutional, no other part of the act should be affected by such decision. It contained the further provision that "the salaries fixed by this act shall remain in force until April 1, 1922, and no longer" (section 33), and made no provision for the payment of salaries or other compensation after that date.

The legislature of 1922 enacted chapter 160, which is entitled:

"An act to repeal chapter 102 of the Acts of 1916 and chapter 122 of the Acts of 1920 in so far as they fix the salaries of sheriffs and tax collectors, chancery and circuit clerks and their deputies and to provide for such officers, such compensation as was fixed by the laws as they existed on the first Monday in January, 1916, and to amend section 2196 of the Code of 1906, so as to change the fees and commissions of tax collectors for the collection of taxes."

Section 1 of this act provides:

"That all fees, commissions and salaries of the offices mentioned in the title of this act as they existed on the first Monday in January, 1916, are hereby restored under the conditions imposed by succeeding sections of the act, and such officers shall be paid exclusively from the fees, commissions and salaries as they were provided by law for each of them to collect on the said first Monday in

January, 1916, including the chancery clerk the salary
provided for county auditors by this act, or such fees,
commissions and salaries as may hereafter be provided
for them to collect.''

Section 2 of this act is an amendment of section 2196,
Code of 1906 (section 1880, Hemingway's Code), fixing
the commissions of the tax collector, but it has no ref-
erence whatever to the fees or compensation of circuit or
chancery clerks. Section 3 of the act provides that:

''The clerks of the chancery and circuit court shall
begin to receive the fees fixed by section 2 in full com-
pensation for their services from and after the first day
of the calendar month next succeeding the passage and
approval of this act.''

A doubt having arisen as to the validity of chapter
160, Laws of 1922, the legislature of 1924 enacted chap-
ter 206, which provides a complete scheme for compensat-
ing circuit and chancery clerks, and sheriffs, on a fee
basis, and fixes a schedule of fees and commissions which
such officers may collect and retain as full compensation
for the performance of the duties required of them by
law. The action of the sheriffs, chancery clerks, and cir-
cuit clerks of the several counties of the state in collect-
ing and retaining fees under chapter 160, Laws of 1922,
was ratified and confirmed by section 1 of the said chap-
ter 206, Laws of 1924, which reads, in part, as follows:

''That in all cases where the sheriffs, chancery clerks,
and circuit clerks of the several counties of the state of
Mississippi have collected and retained as compensa-
tion for their services rendered as such officers, the
fees formerly provided for such officers by law as it ex-
isted prior to January 1, 1916, said collection and reten-
tion being for the period since the date at which chapter
160 of the Laws of 1922 became effective, the action of all
such officers in collecting and retaining such fees under
the provisions of such chapter 160 of the Laws of 1922,
are hereby ratified, validated and confirmed; it being the
purpose of this act to approve and legalize the collection

and retention of such fees by said officers done under the provisions of said chapter 160 of the Laws of 1922.''

· The legislature of 1924 also enacted chapter 209, Laws of 1924, which provided a method of settlement between the clerks and the counties whereby the officer within four months could file with the board of supervisors a certificate signed by such officer stating that he accepted the fees and commissions earned and collected by him from April 1, 1922, to the date of the passage of the act, in full settlement of all claims for his compensation during such period of time, which certificate, when entered on the minutes of the board of supervisors, should operate as a bar to any suit against such officer for failure to pay over the fees, and also as a bar to any claim by the officer against the county for additional compensation.

The appellant did not file the certificate provided for in chapter 209 of the Laws of 1924, and by this suit is asserting a claim for the salary provided for circuit clerks under chapter 122, Laws of 1920; the contentions of the appellant being that, in so far as the act affects the compensation of circuit clerks, chapter 160, Laws of 1922, is unconstitutional and void for the reason, first, that it is so vague and indefinite that the intention of the legislature cannot be ascertained from its language: and, second, that it violates section 61 of the Constitution of 1890, which provides that:

''No law shall be revived or amended by reference to its title only, but the section or sections, as amended or . revived, shall be inserted at length.''

As to chapter 122, Laws of 1920, the appellant makes the further contention that the limitation contained therein that ''the salaries fixed by this act shall remain in force until April 1, 1922, and no longer'' (section 33), is unconstitutional because it is, in effect, the abolishment of a constitutional office by abolishing all compensation for such officer after April 1, 1922.

143 Miss.—53.

Chapter 122, Laws of 1920, required the circuit clerks to collect fees and pay them into the county treasury, and also fixed a salary to be paid to such clerks. After the enactment of chapter 160, Laws of 1922, which undertook to restore the fee basis of compensation for circuit clerks, the appellant continued to collect these fees, which amounted in the aggregate to a sum much less than the salary fixed by the former statute, and credited the sum so collected on the amount of salary claimed and sued for the balance. Consequently, the first question presented for consideration is whether or not the appellant is estopped from challenging the constitutionality of the said chapter 160, Laws of 1922, by reason of the fact that he collected and retained the fees attempted to be fixed and established thereby.

While this court has said in the case of *Pearl River County* v. *Lacey Lumber Co.*, 86 So. 755, 124 Miss. 85, that "an unconstitutional law is absolutely void. It is, in effect, mere waste paper, and no rights can accrue under it," still the authorities generally recognize the rule that one who asserts and secures some right created by and based upon an unconstitutional law will be estopped to assert that the burdens imposed upon him by the same statute are void. We do not think, however, that this doctrine may be invoked to create an estoppel against an officer who has, under an unconstitutional law, merely accepted or received less compensation than he was entitled to at the lawful rate. It has been held by this court that an executory contract or agreement by an officer to accept less compensation than that fixed by law is contrary to public policy and unenforceable, and that the additional compensation fixed by law may be recovered (*Wesson* v. *Collins*, 18 So. 360, 917, 72 Miss. 844), and, if one is not estopped by his solemn contract, he assuredly would not be estopped by the mere act of receiving and retaining a less amount of compensation than that fixed by law.

In the case of *O'Brien* v. *Wheelock*, 22 S. Ct. 354, 184 U. S. 450, 46 L. Ed. 636, the supreme court of the United States said:

"We are unwilling to assent to the doctrine of legislation by estoppel. The courts cannot, by the execution of an unconstitutional law as a law, supply the want of power in the legislative department."

In the *O'Brien case, supra,* the court also quoted with approval the language of the Illinois supreme court in the case of *Holcomb* v. *Boynton,* 151 Ill. 300, 37 N. E. 1033, as follows:

"It is a novel idea in the law of estoppel that the doctrine should be applied to a person who has been guilty of no fraud, simply because, under a misapprehension of the law, he has treated as legal and valid an act void and open to the inspection of all."

In the case of *Davis* v. *Butler,* 91 So. 279, 128 Miss. 347, it was said that: "Estoppel operates only in favor of one who, in reliance upon the act, representation, or silence of another, so changes his situation as that injury would result if the truth were shown."

None of these elements of estoppel are present in the case at bar and we do not think the appellant is estopped from claiming the additional compensation fixed by law. Assuming the unconstitutionality of the statutes under attack, the appellant has received compensation in an amount less than he was entitled to at the lawful rate. In so doing, he cannot be said to have received any benefit under this act, for, as said in the case of *County* v. *McKnight,* 177 P. 256, 20 Ariz. 103:

"It cannot well be affirmed that one who ignorantly or otherwise accepts a compensation under an unconstitutional law in a less amount than he was clearly entitled to receive takes a benefit under such law. The benefit arises in favor of the debtor and not the creditor."

Prior to the first Monday of January, 1920, the law fixing the compensation of county officers was found in chapter 49, Code of 1906 (chapter 29, Hemingway's

Code). This chapter contained a complete schedule of fees and commissions allowed and to be collected for business transacted by the several officers, and authorized them to receive and retain these fees as full compensation for all services performed; this provision being found in section 2163, Code of 1906 (section 1844, Hemingway's Code). Chapter 102, Laws of 1916, effective the first Monday in January, 1920, changed entirely the system of compensating these officers by substituting a fixed salary for each officer instead of the fees theretofore collected and retained by them. It required that the fees collected should be paid into the county treasury, and repealed all laws or parts of laws in conflict with the act, which necessarily repealed the provision of the Code under which these officers had previously retained the fees as their compensation. Chapter 122, Laws of 1920, was a new and complete scheme covering the whole subject of salaries for county officers, and necessarily repealed chapter 102, Laws of 1916.

Chapter 49, Code of 1906 (chapter 29, Hemingway's Code), covers two separate subjects of legislative jurisdiction: First, an enactment prescribing the fees to be collected by county officers; and, second, an enactment prescribing the compensation to be paid to such officers. The portion of this chapter which prescribed the fees to be collected was not repealed until 1924, but the provisions thereof fixing the compensation of county officers was wholly repealed by chapter 102, Laws of 1916. By chapter 160, Laws of 1922, the legislature sought to revive or restore these repealed provisions of chapter 49, Code of 1906, only in so far as they affected the compensation of sheriffs and tax collectors, chancery and circuit clerks, and their deputies; the intention so to do being indicated by the title of the act, which reads as follows:

"An act to repeal chapter 102 of the Acts of 1916 and chapter 122 of the Acts of 1920 in so far as they fix the salaries of sheriffs and tax collectors, chancery and circuit clerks and their deputies and to provide for such

officers, such compensation as was fixed by the laws as they existed on the first Monday in January, 1916, and to amend section 2196 of the Code of 1906 so as to change the fees and commissions of tax collectors for the collection of taxes."

Section 1 of this act attempts to restore the fees and commissions of sheriffs and tax collectors, chancery and circuit clerks, and their deputies, as they existed on the first Monday of January, 1916, and then simply provides that these officers shall be paid exclusively from these fees and commissions, or such fees and commissions as might thereafter be provided for them to collect. Under this provision these officers were to be paid exclusively from fees to be collected, but how they were to be paid, and in what amount, can only be made to clearly appear by reference to the repealed sections of chapter 49, Code of 1906, which are not brought forward and "inserted at length" in this act. Under chapter 49, Code of 1906 (chapter 29, Hemingway's Code), upon compliance with prescribed conditions, certain allowances were to be made to these officers out of the county treasury, and by the act now under consideration these allowances are restored by reference thereto. Under the said Code chapter these officers were authorized to collect the prescribed fees and commissions, and to retain the same as full compensation. Under the act now under consideration it is provided that these officers shall be paid from the fees collected, which is in accord with the policy of the legislature under the act of 1916, which provided that fees should be collected and paid into the county treasury, and the officers paid exclusively from the fees collected by them.

It is clear from the language of the title, and of section 1 of the act that it was the intention of the legislature to revive and restore the scheme of compensating these officers for their services that was in effect prior to the enactment of chapter 102, Laws of 1916, and chapter 122, Laws of 1920, and amendments thereto. The act cannot

be clearly understood or applied without a reference to section 2163, Code of 1906 (section 1844, Hemingway's Code), and the Code provisions for collecting these fees, and we think that it violates section 61 of the Constitution of 1890, which provides that:

"No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."

Having held chapter 160, Laws of 1922, to be unconstitutional and void, the further question then arises as to the validity of the limitation in section 33 of chapter 122, Laws of 1920, which provides that:

"The salaries fixed by this act shall remain in force until April 1, 1922, and no longer."

Circuit clerks are constitutional officers, and in the absence of a valid law providing compensation for these officers after April 1, 1922, this limitation, in effect, abolishes a constitutional office by abolishing all compensation for services performed. Section 103 of the Constitution of 1890 provides that "the legislature shall provide suitable compensation for all officers," and the legislature is without power to indirectly abolish constitutional offices by taking away all compensation for services performed by the officers chosen to fill these offices. In discussing this question in the recent case of *State* v. *Board of Supervisors,* 95 So. 683, 131 Miss. 689, this court said:

"This would not only be specially contrary to the Constitution, but would be void as contravening, generally, the basic law, in that it would authorize the destruction of the governmental functioning of the county."

Consequently we are of the opinion that, since no other provision was made for compensation for these officers after April 1, 1922, this limitation must be held to be invalid, and we are also clearly of the opinion that this limitation is separable from the other portions of the act, and that it may be eliminated from the statute without affecting the other provisions thereof, and that consequently the salary of circuit clerks as fixed by the act

continued until changed by the enactment of a valid law fixing other compensation for these officers.

The judgment of the court below will therefore be reversed, and judgment entered here for balance of salary sued for.

*Reversed, and judgment here.*