MOORE v. TUNICA COUNTY.*

(In Banc.   June 15, 1926.)

[108 So. 900.   No. 24979.]

COUNTIES.   *Counties are not liable for interest in absence of contract therefor or interest statute mentioning them* (Code 1906, section 2678; Hemingway's Code, section 2075).

County is not liable for interest on claim against it in absence of contract therefor or interest statute specifically mentioning the state or its political subdivisions, the general statute (Code 1906, section 2678; Hemingway's Code, section 2075), being inapplicable.

*Corpus Juris-Cyc References:. Counties, 15CJ, p. 662, n. 29.

On motion to correct judgment.   Motion denied.

For former opinion, see 107 So. 659, and preceding case in this volume.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the county of Tunica for salary alleged to be due him as clerk of the circuit court of that county.   He was denied a recovery in the court below, but the judgment then rendered was reversed on appeal to this court, and a final judgment was here rendered for the appellant.

The judgment entered by the clerk of this court does not include any interest on the amount recovered, and the

appellant has filed a motion to correct that judgment by adding thereto interest on the amount recovered from the date of the refusal of the board of supervisors of the county to pay it. The question for decisions is: Whether a county, in the absence of a lawful contract therefor, is liable for interest on claims against it.

In the cases of *Swann* v. *Turner,* 23 Miss. 565, *State* v. *Mayes,* 28 Miss. 706, and *Whitney* v. *State,* 52 Miss. 732, interest was allowed on claims against the state without the citation of any statute providing therefor, presumably under the general statute which provided for interest on accounts and other contracts in which the state and its political subdivisions were not specifically included. But in *Board of Supervisors* v. *Klein,* 51 Miss. 807, and *Anderson* v. *Issaquena County,* 75 Miss. at page 896, 23 So. 310, it was expressly held that interest is a creature of the statute, and neither the state nor its political subdivisions are liable therefor unless imposed by a statute in which they are specifically named or clearly embraced; and in *Board of Supervisors* v. *Klein, supra,* and *Clay County* v. *Chickasaw County,* 64 Miss. 534, 1 So. 753, it was expressly held that our general statutes on the subject of interest have reference to the contracts of and judgments against individuals, and not to the contracts of and judgments against the state and its political subdivisions. See, also, *Green* v. *State,* 53 Miss. 148, and *Yazoo County* v. *Grable,* 111 Miss. 893, 72 So. 777. The appellant has not pointed out the statute under which he claims to be entitled to interest against the county, but we presume it is the general statute, section 2678, Code of 1906 (Hemingway's Code, section 2075), which provides that:

"The legal rate of interest on all notes, accounts and contracts shall be six per cént. per annum."

As neither the state nor its political subdivisions are specially mentioned in this statute, it does not apply to them under the decisions herein last referred to, and which were followed in the cases of *Pearl River County*

*v. Blodgett,* 102 So. 5, and *Yazoo City* v. *Taylor,* 104 So. 111, recently decided in this court, but in which no written opinions were delivered.

> *The motion will be overruled.*