CALHOUN COUNTY *v.* COONER.[*]

(Division B. Oct. 22, 1928. Suggestion of Error Overruled Nov. 19, 1928.)

[118 So. 706. No. 27334.]

---

[*]Corpus Juris-Cyc References: Champerty and Maintenance, 11CJ, section 34, p. 249, n. 51; section 103, p. 270, n. 78.

*Creekmore & Creekmore,* for appellant.

*J. H. Ford,* for appellee.

102

*Creekmore & Creekmore,* on suggestion of error, for appellant.

PACK, J. Plaintiff, appellee here, instituted suit against defendant, Calhoun county, appellant here, for four hundred fifty-eight dollars and forty-two cents claimed as salary for services as circuit clerk of said county from January 1, 1924, to April 12, 1924.

The suit was predicated on a decision of this court in *Moore* v. *Tunica County*, 143 Miss. 821, 107 So. 659, holding that chapter 160, Laws of 1922, was unconstitutional. This chapter attempts to change the compensation of county officers from a salary system, as fixed by chapter 122, Laws of 1920, to the fee system. The court, in the same opinion, held that section 33, chapter 122, Laws of 1920, was unconstitutional, but, being separable from other portions of the act, salaries of clerks, as fixed by other sections thereof, could continue to be collected until a valid act changed it. Chapter 207, Laws of 1924, effective April 12, 1924, was designed to change the compensation from a salary basis to another plan. It repealed all laws in conflict with it.

Appellant chiefly relies upon the contention that the action was conceived in champerty, and was being prosecuted under a champertous agreement.

The point was developed as follows: Appellee served as circuit clerk from January 1, 1924, under the erroneous impression that the fee system was then in effect. Some time thereafter he was approached by one Leland S. Smith, a public accountant, who advised appellee of his right to a salary for the fraction of the year from January 1, 1924, to April 12, 1924, and proposed that, if appellee would pay him (said accountant) a certain per cent of the recovery, he (said accountant, Smith), would assist in the prosecution of the suit and pay the court costs if the case should be lost.

An account was made up for the salary, and filed with the board of supervisors for allowance, but same was disallowed and payment refused. The account showed a credit for all fees collected by the clerk for the time covered by the suit.

To the special plea of the county raising this point, a demurrer was sustained.

We think the trial court was right. It will be unnecessary to hold whether or not the alleged champertous contract was void as between the parties. Conceding, but not deciding, this to be true; it would not affect appellee's right of action against the county. This principle of law is clearly stated in 11 C. J., section 2, p. 270, reading:

"Except in one state, the rule is well setlled that the fact that there is a champertous contract in relation to the prosecution of the suit between plaintiff and his attorney, or between plaintiff and another layman, in no wise affects the obligation of defendant to plaintiff. It is the champertous contract and not the right of action itself which the contract avoids, and, therefore, defendant cannot avail himself of the champertous agreement as a defense to the action. Conversely the law against champerty and maintenance cannot be used as offensive weapons against defendant."

With the single exception of Wisconsin, this rule has been followed in every jurisdiction where the courts have

had it under consideration, including the supreme court of the United States. See authorities collated under note 78 of the above citation.

We find no merit in the other assignments of error. The judgment of the court below will be affirmed.

*Affirmed.*

## On Suggestion of Error.

Appellant, in its suggestion of error, insists that the opinion rendered on a former day of this court is in conflict with *Rives et al.* v. *Weaver, Adm'r,* 36 Miss. 374; that this court there followed the minority of the authorities to the effect that a champertous agreement between plaintiff and a third party other than the defendant will defeat the action, and that the Weaver case does not follow the general rule laid down in 11 C. J. 270, cited and followed by the court in its opinion.

In the *Rives case, supra,* Weaver purchased from some of the heirs of Sarah Robinson, deceased, an interest in a disputed claim to certain slaves, and had himself appointed administrator *ad colligendum* of the estate of said Sarah Rives, deceased. There was no necessity for this administration, and it seems that Weaver procured his appointment as such in order to be in better position to prosecute the suit against the executors of one Moore, claimed to be the owner of the slaves. The court, in strong language, condemned the action of Weaver, and denied his right to recover, basing its decision on the ground that to admit such practice would be against "sound policy and established principle." This was a case of purchasing an interest in a chose in action, and suing on same in the name of the purchaser, which the court held could not be done. This doctrine has since been changed by statute. Chapter 134, Laws of 1916 (section 497 of Hemingway's 1917 Code; section 511 of Hemingway's 1927 Code), provides, in part:

106

"In case of a transfer or an assignment of any interest in such chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action."

Under this statute, if the assignment be in writing, the assignee may prosecute the suit in his own name. We think this statute clearly creates a right to purchase an interest in a chose in action before or after suit, and thus changes the policy of the law enunciated in the *Weaver case, supra.* Under this statute Smith had the right to make the contract with Cooner, and the suit could be prosecuted in the name of the latter. See, also, *Grace v. Floyd,* 104 Miss. 613, 61 So. 694.

The suggestion of error is overruled.

*Overruled.*