CITY OF NATCHEZ *v.* MCGEHEE.

(Division A. April 21, 1930. Suggestion of Error Overruled, May 26, 1930.)

[127 So. 902. No. 28645.]

**S. B. Laub** and **W. C. Martin,** both of Natchez, for appellant.

Kennedy & Geisenberger, of Natchez, for appellee.

Argued orally by **S. B. Laub**, for appellant, and by **A. H. Geisenberger**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued and obtained a judgment against the appellant for salary alleged to be due him as city policeman.

The charter of appellant provides for the annual election of the subordinate city officers by the mayor and aldermen in council. In February, 1928, the appellee was elected a policeman by the mayor and aldermen for a term of one year. One of his duties was to act as traffic officer at street intersections when directed so to do by a superior officer. This duty he declined to discharge. A report thereof was made to the mayor and aldermen who called him before them, whereupon he informed them that his skull had been fractured several years before, leaving him in such a nervous state that he was afraid to act as traffic officer, for the reason that he might endanger the safety of himself and persons on the street. He was not incapacitated for the discharge of his other duties. The mayor and board of aldermen then suggested that he take a leave of absence, which he agreed to, and did take, with the hope that his condition might be improved thereby. Afterwards he reported to the mayor and aldermen for duty and stated that he had recovered, presenting a physician's certificate that he was physically sound. The mayor and aldermen declined·to reassign him to duty, but removed him from office, their reason therefor being that on his own admission he was incapacitated to act as a traffic officer.

The city charter provides that the "Mayor and Aldermen in council shall have power to expel from office upon conviction for malfeasance or misfeasance the Mayor and Aldermen, or any of the elected and subordinate officers of said city, by a recorded vote of seven members of the council at two successive meetings thereof, but not a second time for the same cause." An ordinance provided

the procedure for the removal of an officer under this section, which was admittedly not complied with here.

At the close of the evidence, which it will not be necessary to further set out, the court below directed the jury to return a verdict for the appellee for an amount of arrears of his salary less what he had earned in the meantime by other work, and there was a verdict and judgment accordingly.

The grant of power to the mayor and aldermen to remove incumbents from office is only ''upon conviction for malfeasance or misfeasance,'' the express grant of which excludes the power to remove for other causes. This being true, it will not be necessary for us to consider section 175 of the Constitution, in this connection. We appreciate the serious situation with which the mayor and aldermen were confronted, but can afford them no relief therefrom.

The court below allowed the appellee six per cent interest on the judgment. This was error. The only statute under which this could have been allowed is section 2678, Code 1906, Hemingway's 1927 Code, section 2223, which provides that the legal rate of interest on all notes, accounts, or contracts, shall be six per cent per annum. This court has repeatedly held that this statute does not apply to the state, or to a political subdivision thereof, for the reason that they are not named therein. Moore v. Tunica County, 143 Miss. 839, 108 So. 900. It is true that in the case of Senatobia v. Ryan, 106 Miss. 413, 63 So. 680, six per cent interest was allowed on a judgment against a municipality. The verdict in that case was: ''We, the jury, find for the plaintiff the sum of one thousand seven hundred six dollars and eighty-four cents with legal interest to date,'' on which the trial court allowed six per cent interest from the date the suit was filed. It does not appear from the report of the case what specific objection to the allowance of this interest was, but it seems reasonably clear that the court was not responding to a contention that our interest statutes do not apply to municipalities. The objection probably was pointed

either at the date when the interest was permitted to run, or at the rate thereof—at all events, the case cannot be held to have overruled former cases dealing with the question of liability of political subdivisions of the state for interest; and the true rule is that set forth in the later case of Moore v. Tunica County, supra.

The judgment of the court will be reversed in so far only as it allows interest on the judgment, and a judgment will be rendered here in accord with that rendered in the court below, except that the provision for interest thereon will be eliminated.

Affirmed in part, and reversed in part.