CITY OF INDIANOLA *v.* GATES.

(Division A.   Feb. 28, 1938.)

[179 So. 284.   No. 33066.]

Moody & Davis, of Indianola, for appellant.

Brewer & Hewitt, of Jackson, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellee, John P. Gates, being the holder and owner for value of certain matured interest-bearing bonds aggregating the principal sum of $2,500, together with past-due interest coupons thereto attached, and which had been issued by the appellant, the city of Indianola, a municipal corporation, brought this action in the circuit court of Sunflower county and recovered judgment against the appellant for the full amount sued for, including interest thereon. On this appeal the appellant challenges the correctness of the judgment on the sole ground that interest was allowed by the court below on both the bonds and interest coupons after the maturity thereof, and contends that such interest is not recoverable since the bonds and coupons do not specifically provide for the payment of interest after maturity, and that there is no statute imposing liability upon a municipal corporation for interest in such cases.

However, the bonds in question were issued under statutes authorizing municipalities to issue interest-bearing bonds at not exceeding 6 per cent. per annum, which stipulation of course means that interest should run from the date of their issuance. The obligation to pay interest from date includes an obligation to pay interest from maturity if the interest-bearing obligation is not redeemed on or before maturity. The cases of Moore v. Tunica County, 143 Miss. 821, 107 So. 659; Id., 143 Miss. 839, 108 So. 900, and City of Natchez v. McGehee, 157 Miss. 225, 127 So. 902, relied on by the appellant, involved claims for salaries due for official services, and are not at all applicable on the issue presented in the case at bar, since the amount claimed as salary in those cases was not an interest-bearing obligation. Board of Supervisors of Warren County v. Klein, 51 Miss. 807.

It is true that section 1946, Code of 1930, which is our general statute providing for interest on notes, accounts,

and contracts, does not apply to municipal corporations or other political subdivisions of the state, since they are not specifically mentioned therein. Nevertheless, this rule does not prevent a municipal corporation or other political subdivision of the state from being liable for interest on their interest-bearing obligations issued under other statutes providing therefor.

The decision of the present case is controlled by the case of Town of Lexington v. Union National Bank, 75 Miss. 1, 22 So. 291, 294, where the court said: "We repudiate as unsound the position that the unpaid coupons bore no interest after their maturity. The town, being authorized to issue interest-bearing obligations maturing for payment at fixed dates, cannot avoid the continuance of interest without paying."

Affirmed.