HARTSFIELD *v.* LAFAYETTE COUNTY.

(In Banc.   May 29, 1939.)

[189 So. 177.   No. 33672.]

Butler & Snow, of Jackson, for appellant.

J. W. T. Falkner, of Oxford, for appellee.

Argued orally by **Geo. Butler**, for appellant.

**McGowen, J.,** delivered the opinion of the court.

The appellant, Hartsfield, sued Lafayette County to recover a balance due him of fees alleged to have been earned by him in January and February, 1928, as sheriff and tax collector of said county. His declaration alleged that he collected a less sum than was due him under and by virtue of chapter 87, Laws of 1928, and attached thereto as an exhibit an itemized statement of the taxes collected, the amount alleged to have been due him, the amount paid thereon, and the balance due him. The appellee, Lafayette County, filed a demurrer, the effect of which was that the statute relied on by the appellant attempted to give the tax collector the right to collect a greater per cent of fees than was allowed by the statute in force at the time the service was rendered, and that to that extent the statute relied on was violative of section 96, of the Constitution of 1890. The court below sustained the demurrer and dismissed the cause, and from the judgment thereon an appeal is prosecuted here.

The itemized claim for fees as compensation is divided into two parts, one claim for $215.12 for a balance

on commissions of five per cent allowed by the statute for the collection of poll taxes and commutation road taxes, the other claim was for $800, balance of commissions due for collecting ad valorem taxes under chapter 87, of the Laws of 1928.

As to the item of $215, it is clear that chapter 87, of the Laws of 1928, has no application to, or bearing on, the question of liability of the county. The compensation fixed for collecting poll tax and commutation tax is five per cent, whether the amount collected is large or small, as fixed by chapter 206, of the Laws of 1924, which schedule of fees was in force in the months of January and February, 1928, and which schedule was in no manner changed by chapter 87, Laws of 1928, insofar as the percentage due for the collection of poll taxes and commutation taxes is concerned. The percentage allowed the sheriff under the Laws of 1924 was five per cent, and that rate was not changed by the Laws of 1928. The demurrer therefor being general, it was improperly sustained insofar as this item is concerned.

The only answer made on this particular claim is that Hartsfield, as sheriff, was estopped because he had collected a less amount. Quite a sufficient answer to that proposition is that estoppel can only be raised by plea, and not by demurrer.

As to the item of $800 alleged to have been due for the time specified, we are confronted with this situation: In 1916 the Legislature abolished the fee system as compensation for sheriffs, and substituted as such compensation a salary based upon the collection of fees, and limiting the amount of fees which might be applied to salaries. By chapter 160, of the Laws of 1922, the Legislature undertook to abolish the salary system theretofore in force, and substitute the fee system without reenacting the schedule of fees. In Moore v. Tunica County, 143 Miss. 821, 107 So. 659, this court held chapter 160 void as violative of the constitution.

By section 2, chapter 206, Laws 1924, the Legislature

enacted that sheriffs should receive, as compensation for their services, fees, commissions, and salaries, and that such officers should be paid exclusively therefrom; and, in reference to tax collections, in Paragraph c of said section, it was provided that:

"Each tax collector shall be allowed to deduct for his services in making tax collections the following fees and commissions.

"5% on all privilege taxes and poll taxes and commutation road taxes collected.

"5% on the first $10,000.00 of the state taxes collected.

"2% on the excess of state taxes collected over $10,-000.00, but not on exceeding $40,000.00.

1% on the excess of state taxes collected over $50,-000.00.

"5% on the first $10,000.00 of all county and taxing district and drainage district taxes collected.

"2% on the excess over $10,000.00 of the county and taxing district and drainage district collected, but not on exceeding $40,000.00.

"1% on all county and taxing district and drainage district taxes collected in excess of $50,000.00."

Thereafter it was assumed by the officials that the calculation as to the higher rate of fees began on the first of January of each calendar year. This is borne out by the fact that it was provided, by the Laws of 1926, chapter 193, that the tax collectors, in deducting compensation for the collection of ad valorem taxes, shall deduct such commissions based upon the fiscal, and not the calendar year, and that the act should take effect and be in force from and after the beginning of the next fiscal year, to-wit, October 1, 1926. When Hartsfield collected the ad valorem tax commissions, which he is suing for here, his term of office began the first Monday of January, 1928, and his account shows that he collected taxes upon the low rate counting that fiscal year as beginning on October 1, 1927. In other words, when he collected the ad valorem taxes in January and

February of the year, 1928, we must assume that his predecessor had collected during the time from October, 1927, to January 1, 1928, the higher percentage of taxes on the first $50,000, and, if there had been no change in the law, subsequently there could be no question but that Hartsfield was only entitled to the amount of one per cent on taxes collected by him for the months in question, as that was the percentage allowed him by law at the time he rendered the services for the collection of the taxes, the commissions on which are here involved.

Chapter 87 of the Laws of 1928 was approved April 12, 1928, and the applicable part of it is as follows:

"Each tax collector shall be allowed to deduct for his services in making tax collections the following fees and commissions, each year, same to be deducted by the calendar year, commencing with January, 1928.

"5% on all privilege taxes and poll taxes and commutation road taxes collected, including road and bridge privilege tax on automobiles, trucks, trailers, and motor cycles.

"5% on the first $10,000.00 of the state taxes collected.

"2% on the excess of state taxes collected over $10,-000.00, but not exceeding $40,000.00.

"1% on the excess of state taxes collected over $50,-000.00."

It will be observed that the Laws of 1926 in force during January and February, 1928, made the tax collector's fiscal year begin October 1st. By chapter 87, this was changed so that the collections were to be deducted by the calendar year, and should commence with January 1, 1928, which date had already passed when the law was enacted.

We have this situation: The tax collector in office prior to the beginning of Hartsfield's term was allowed to collect the highest percentage on the first collections made by him on and after October 1, 1927, the beginning of the fiscal year, and then, if effect can be given to the act retrospectively, Hartsfield, in the months of Janu-

ary and February, was thereby allowed to collect the highest fees for collection of ad valorem taxes, all of which was compensation for the taxes which had been assessed and became due for the year 1937, so that within six months or less the highest percentage would be collectible by the two tax collectors.

Section 96 of the Constitution of 1890 is as follows: "The legislature shall never grant extra compensation, fee, or allowance, to any public officer, agent, servant, or contractor, after service rendered or contract made, nor authorize payment, or part payment, of any claim under any contract not authorized by law; but appropriations may be made for expenditures in repelling invasion, preventing or suppressing insurrections."

We think it is quite clear that the effort of the Legislature was to change from the fiscal year to the calendar year and permit the sheriff to collect five per cent on the first $10,000 and two per cent on the next $40,000. After that collection had already been made by the sheriff, and he had been paid therefor under the law as it existed at the time the collection was made, it had the effect to increase his fees and augment his compensation, so that it was extra compensation paid to him for the particular service rendered in the collection of the first taxes collected by him in contravention of the express mandate of the constitution. It undertook to grant this sheriff extra compensation, if chapter 87 is permitted to be effective retrospectively. This was extra compensation paid to this sheriff for the particular service at a particular time, and is prohibited, and the Legislature is not permitted so to do. Of course, this does not mean that the statute in question is unconstitutional in its perspective views, but only the effort to allow extra compensation to the tax collectors of the state for the service already rendered prior to the passage of the act.

It is argued that the court could adopt the view that the Legislature intended to allow a certain amount in

fees as compensation to the sheriffs by the year, and, so construed, the act would not violate the Constitution in this particular. The argument is unsound because the statute fixes a per cent on a certain collection beginning at a certain time. The first collections made by this sheriff were slightly in excess of $50,000. During the months of January and February, the Legislature fixed the compensation at five per cent fee on the first collection, and in this respect did not take into consideration the other collections that might be made during any given year.

Our attention is called to the case of Smith v. Chickasaw County, 156 Miss. 171, 125 So. 96, 705, and a paragraph in response to the suggestion of error by this court, which has no good bearing on, and in no way assists, the court in the solution of the question here presented.

We therefore conclude that the court erred in sustaining the general demurrer insofar as the item of $215 is concerned, and that under the constitution the sheriff and tax collector's fees for the months of January and February, 1928, could not be increased so as to grant to them extra compensation for the particular services rendered at the beginning of their terms.

We are strengthened in this view by the fact that the Legislature, by chapter 17 of the Laws of Extraordinary Session, 1928, again changed so that tax collections begin with the fiscal year, and the first collections made on that basis as to the fees of the sheriff effective November 1, 1928. We are of opinion that Hartsfield cannot be allowed the collections claimed for the months of January and February, 1928, but that insofar as the demurrer is concerned as to the $215 item, the court should have overruled it.

Reversed and remanded.