CHANEY *v.* WILLIAMS

No. 40490          May 13, 1957          94 So. 2d 922

*Means Johnston, Fraiser & Davis,* Greenwood, for appellant.

*Bell & McBee,* Greenwood, for appellee.

McGehee, C. J.

The appellee, Harry Flowers Williams, filed his bill of complaint in the Chancery Court of Leflore County against the appellant, B. C. Chaney, and against Mrs. Mildred M. Guy and her daughter Nancy M. Guy Peel sole heirs at law of T. A. Guy, deceased, a predecessor in title of the said appellant B. C. Chaney, and alleged that the appellee Harry Flowers Williams and the appellant B. C. Chaney were adjacent landowners, each

owning a part of 809 acres, more or less, of lands located in Carroll and Leflore Counties, and that they each derived their title to their respective parts of the land by mesne conveyances through A. B. Waid as the common source of title, he having conveyed to W. J. Bryan, the predecessor in title of the appellant, 400 acres, more or less, on the west side of the 809 acre tract of land, and having conveyed to T. A. Guy, predecessor in title of the appellee Harry Flower Williams, 409 acres, more or less, on the east side of the 809 acre tract of land.

The bill of complaint seeks not only the settlement of the disputed boundary line between the respective lands of the appellee and the appellant, but also seeks a writ of possession in favor of the appellee against the appellant, and an accounting for reasonable rent on the 70 acres in dispute between the location of the line contended for by the appellee and the line contended for by the appellant and for cancellation of a deed of trust.

A. B. Waid, conveyed to W. J. Bryan on February 16, 1943, and conveyed to T. A. Guy on January 27, 1945. The land in dispute was largely woods land, and no survey had been made as to the separation line between the tracts of the respective litigants until shortly prior to the filing of this suit on May 21, 1956

It is alleged by the bill of complaint that the appellee, Harry Flowers Williams, in 1953 erected a fence along what he then thought was the correct line between his land and that of the appellant B. C. Chaney. The bill alleges that the defendant B. C. Chaney, appellant here, paid half of the expense for the erection of the said fence. The location of this fence as the western boundary line of the 409 acres, more or less, purchased by Harry Flowers Williams, if adhered to as the true line, would allow the complainant only 339 acres of land, and would allow the defendant 470 acres of land including the 70 acres located between the disputed lines according to the

allegations of the bill of complaint and the exhibits thereto.

The bill further alleges that after the complainant Harry Flowers Williams learned that he had placed the fence on the wrong line in the belief that it was the true line, he sought the permission of the defendant B. C. Chaney to take possession of the 70 acres in dispute and to move the fence to a line to the west of the fence as located in 1953, which proposed new location of the fence would be on a line beginning at the northwest corner of the NE¼ of Section 1, Township 18, Range 1 East in Leflore County and running easterly along the north line of the said Section 1, 8 chains to a stake, and thence 27 degrees 22 minutes east to a point where said line intersects with south and east boundary line of a public road known as Sidon or Black Hawk public road and the point of beginning of the property in dispute, and from thence on the same angle to a point where said line would intersect the south boundary line of the SW¼ of Section 6, Township 18, Range 2 East in Carroll County, 8 chains more or less from the southwest corner of the said SW¼; and that the defendant declined to permit him to do so and claimed the land to the fence as originally located for the first time in 1953.

No claim of adverse possession for the statutory period is made by either of the parties to the disputed area. The bill of complaint also sought to have cancelled as a cloud upon the title of the complainant a deed of trust which had been executed by Mrs. Mildred M. Guy and her daughter Nancy M. Guy Peel as predecessors in title of the appellant B. C. Chaney and as a cloud on the title of the complainant to the land in dispute.

The defendant in the trial court intersposed both a general and a special demurrer, the former being on the ground that there was no equity shown on the face of the bill of complaint, and the ground of the special de-

murrer being, first, that the complainant seeks to quiet title of property derived from a common source of title, but without showing that the complainant's title from said common source is the better, and, second, that if the bill of complaint is treated as a petition to reform instruments of conveyance, the same is wholly insufficient for failure to join therein all necessary parties. The trial court overruled both demurrers but granted an interlocutory appeal to settle the principles of law involved.

The bill of complaint alleges that the fence erected in 1953 by the complainant, at the joint expense of himself and the defendant, was on a line running at an angle of 39 degrees east from the stake located 8 chains from the northwest corner of the NE¼ of Section 1, Township 18, Range 1 East in Leflore County, to the southern boundary of Section 6, Township 18, Range 2 East in Carroll County. The complainant had caused a survey and map or plat of this land to be made by a civil engineer, which shows the fence line would intersect the south boundary line of the said Section 6 in Carroll County at a point 30 chains east of the southwest corner of the said section instead of at the stake 8 chains more or less east of southwest corner of the said section.

The survey and map or plat were not made a part of the record, but a photostatic copy thereof is exhibited in the brief of the appellant, and it is agreed by the appellee in his brief that this map or plat correctly represents the two disputed lines and the area of land in controversy.

The mesne conveyances from A. B. Waid, the common source of title, to the predecessors of the complainant and the defendant, all call for the intersection of the line at a stake 8 chains more or less from the southwest corner of the said Section 6, but all of the said conveyances are made exhibits to the bill of complaint and show that the

line was to be at an angle 39 degrees east running from the stake 8 chains east of the northwest corner of the NE¼ of Section 1, Township 18, Range 1 East of Leflore County, and which would end at the point 30 chains east of the southwest corner of the SW¼ of the said Section 6 in Carroll County, so as to give the complainant only 339 acres of land.

It is true that ordinarily equity should not take jurisdiction merely to settle a disputed boundary line, but the bill of complaint seeks the additional relief hereinbefore mentioned, and while it does not seek a reformation of the instruments which are made exhibits to the bill of complaint it alleges that the fence was erected in 1953 on the angle of 39 degrees east through mistake on the part of the complainant, who says the true line would run 27 degrees and 22 minutes east to the stake 8 chains, more or less, east of the southwest corner of the SW¼ of Section 6, Township 18, Range 2 East in Carroll County, so as to give the complainant his 409 acres of land instead of 339 acres, and so as to give the defendant his 400 acres, more or less, instead of 470 acres.

No question of estoppel against the complainant is involved in this appeal on demurrer, because of his erection of the fence on the line now claimed by the defendant, since "estoppel can only be reached by plea and not by demurrer". See Hartsfiled v. Lafayette County, 185 Miss. 564, 189 So. 177.

There is also involved in the case the question of whether the location of the two stakes, if monuments, control over the course and direction of the two respective lines contended for in the determination as to which of them is the correct line.

We have concluded that the action of the trial court in overruling the demurrers should be affirmed and that

the cause should be remanded for a full development of the facts upon the issues involved.

Affirmed and remanded.

*Roberds, Lee, Holmes* and *Ethridge, JJ.*, concur.