HEARD *et al. v.* CLARK, SHERIFF.

(Division A.   Feb. 10, 1930.)

[126 So. 43.   No. 28543.]

**Allen & Allen**, of Indianola, for appellant.

356

**W. A. Shipman,** Assistant Attorney-General, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was in the custody of the sheriff under a warrant issued on an indictment charging him with a felony. He sued out a writ of habeas corpus by which he sought to be discharged from custody. This, the court below declined to do, but allowed bail.

Section 1, chapter 147, Laws of 1924, section 460, Hemingway's 1927 Code, provides that the circuit court of Sunflower county shall be convened "on the second Monday of September [for] twenty-four days, the first twelve

days for civil business, when a grand jury shall be convened, and the last twelve days for criminal business.'' The September, 1929, term of the circuit court of Sunflower county was begun on the 9th day of that month, being the second Monday thereof. The appellant was indicted on the 12th day of September, and was arrested and placed in jail on the 13th day thereof. His witnesses were summoned and he was ready for trial throughout the sitting of court for the trial of criminal cases. According to his evidence, he demanded a trial, but how this demand was made does not appear. The minutes of the court disclose no order whatever bearing on his case, and the court adjourned without trying it. He then sued out this writ of habeas corpus, which was disposed of as hereinbefore set forth.

The appellant's contention is that his constitutional right to a speedy trial has been violated, resulting in his being released from further obligation to answer the indictment. Section 26 of the Constitution provides that, in all criminal prosecutions, the accused shall have the right to a speedy trial, and section 1494, Code of 1906, section 1315, Hemingway's 1927 Code, provides that, ''All indictments shall be tried at the first term, unless good cause be shown for a continuance.''

The constitutional right to a speedy trial is a very sacred right, of which neither the legislature nor the courts have the right to deprive the accused; but what constitutes a speedy trial is not defined by the Constitution, and we will assume, as the courts seem to hold, that within reasonable limits it can be defined by the legislature. The appellant contends that the legislature did this by enacting the statute set forth, and that the statute should be construed as if it read, ''All indictments shall be tried at the first term, and cannot be thereafter, unless good cause be shown for a continuance.''

We do not so understand the statute. We have not undertaken to ascertain how long this statute has been in existence, but it appeared in the Code of 1871 as sec-

tion 2785 thereof, and the case of Ex parte Caples, 58 Miss. 358, decided by this court in October, 1880, is very similar to, and seems to control, the one now at bar. In that case, the trial court adjourned for the term shortly after convening, without trying, and over the protest of, one accused of a felony. He thereupon sued out a writ of habeas corpus and was admitted to bail. On the appeal to this court he claimed immunity from further prosecution under the Constitution, which then, as now, gives an accused the right to a speedy trial. The court held that one arbitrary continuance did not entitle an accused to a discharge, but left open, as we do here, the effect of more than one such continuance on the right of an accused to a discharge.

It is true that the statute was not there referred to, but had it been, we are of the opinion that the result would not have been different. Moreover, the statute has been twice re-enacted since that decision was rendered, and had the legislature intended it to have the effect which the appellant here would have us give it, it would have re-written the statute in language clearly setting forth that purpose.

The appellant's bail bond was fixed at two hundred fifty dollars, and the bill of exceptions recites ''that it was made known to the court that he was unable to make said bond, and had no one to sign his bond, nor people able to make same.'' We do not understand the appellant to here contend that the penalty of the bond should be reduced, nor that his inability, if such is a fact, to give any bond at all entitled him to be discharged from custody. The record presents no evidence which would support the first contention, if made, and the second, if made, would, of course, be overruled.

Affirmed.