## GULF, M. & O. R. CO. *v.* WEBSTER COUNTY.

(Division A. May 31, 1943.)

[13 So. (2d) 644. No. 35333.]

Will E. Ward, of Starkville, for appellant.

Appellee not represented by counsel.

Smith, C. J., delivered the opinion of the court.

The appellee's board of supervisors levied a special county-wide tax for the payment of indebtedness incurred by it in the purchase of road machinery for the separate use of several public road districts. The appellant paid the sheriff the amount of this tax for which its property was liable, if liable for any of it at all, under protest. Thereafter it filed with the board of supervisors a claim for the repayment thereof, which the board refused to do, and its order was affirmed by the circuit court on an appeal thereto, under Section 61 of the Code.

Counsel for the appellant has filed a brief ably supporting its claim to a refund of this tax, but we have not been

favored with a brief by the appellee, although after the submission of the case an opportunity was given its attorney to file such a brief if it or its attorney desired so to do.

The failure to file this brief is tantamount to a confession of error, and will be accepted as such, and the judgment of the court below will be reversed, since an answer to the appellant's brief cannot be safely made by us, without our doing that which the appellee, by its attorney, should have done, i. e., brief the appellee's side of the case. This we are not called on to do, therefore the case falls within, and is governed by, W. T. Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527.

No necessity exists for remanding the case, for the reason that, had the court below reversed this order of the board of supervisors, as, for the reasons hereinabove given we are holding it should have done, its duty would then have been, on this record, to have awarded the appellant a recovery of the tax here paid by it. Consequently that judgment will be here rendered.

No interest on the taxes paid by the appellant can be allowed as we have no statute so providing. Moore v. Tunica County, 143 Miss. 839, 108 So. 900; City of Indianola v. Gates, 181 Miss. 145, 179 So. 284.

Reversed and judgment here for the appellant.