ANDERSON *v.* RIEVELEY.

Oct. 5, 1953

No. 38790        37 Adv. S. 1        67 So. 2d 249

*B. A. Duncan,* Meridian, for appellant.

No attorney listed for appellee.

McGEHEE, C. J.

On this appeal we have a brief filed by the appellant in support of his assignment of error but after due notice of the appeal by publication to the appellee as a nonresident he has filed no reply brief. We ascertain from correspondence had between the Clerk of this Court and the attorney who represented the appellee in the trial court that such attorney has not been employed to represent the appellee before this Court, and that he has been informed that the appellee desired no further representation in the case.

It was held in the case of W. T. Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527, that a judgment, in the absence of a brief or oral argument by the appellee, will be reversed without prejudice, where appellant's brief is fairly convincing of error. In other words, ▆▆ in the absence of a brief or oral argument by appellee this Court may accept appellant's brief as confessed and reverse or reverse without prejudice when not convinced by examination of record that the judgment appealed from is correct.

Again in the case of Columbus & G. Ry. Co. v. Basson, (Miss.) 176 So. 600, where no brief had been filed by the appellee and there had been no oral argument the Court said: "The state of the record as appears on

examination of the brief for appellant is such that under the authority of Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527, the judgment should be and will be reversed without prejudice and the cause remanded.''

In the more recent case of Ramsey v. Milner, 192 Miss. 120, 4 So. 2d 889, the Court again held that where no brief or oral argument was filed or made by appellee and the answers to appellant's points as ground for reversal were not manifestly apparent, the Supreme Court would reverse judgment without prejudice and remand the cause. See also Gulf, M. & O. R. Co. v. Webster County, 194 Miss. 660, 13 So. 2d 644.

Nothing more need be said to justify a reversal and remand of this case, except for the necessity of laying down a rule or guide on a retrial on remand in view of the state of the record now before us.

On December 30, 1950, the appellant brought suit in the county court on open account against the appellee to recover the sum of $225.00 for professional services, and it was alleged in the declaration that the defendant became and was indebted to the plaintiff on or about February 19, 1947, in the sum of $150.00 of the said amount and on or about November 11, 1947, for the remaining $75.00 thereof. It was not specifically alleged that these amounts became due and payable on the dates that the indebtedness accrued therefor. ▮▮▮ In other words, the declaration did not necessarily show on its face that the claim was barred by the three year statute of limitation, Section 729, Code 1942, and in answer to the plea of this statute of limitation under a proceeding had and conducted after a judgment by default had been rendered against the defendant, the plaintiff sought to amend his declaration so as to show that these fees for professional services were not to become due by agreement of the parties until after the defendant should have first paid the charges for hospitalization at the infir-

mary where the plaintiff was a member of the medical staff.

Upon the filing of the declaration, a summons was issued for the defendant who was then alleged to reside in Lauderdale County, where the suit was filed. The sheriff's return on the process recited that the same had been executed on the defendant "by posting a true copy of same on the door of defendant's usual place of abode in my county. Defendant could not be found in my county nor could I find any member of defendant's family over the age of 16 years at his place of abode." On this constructive service of process a default judgment was taken for the sum sued for at the second term of the court thereafter. Thereupon there was a suggestion of garnishment, followed by the issuance and service of a writ of garnishment, upon the employer of the defendant. Then upon the payment by the defendant to the attorney for the plaintiff of the sum of $30.00 and an additional sum of $35.00 on the judgment the garnishment was released upon the alleged promise of the defendant to thereafter make weekly payments of $7.50 each. Later a second writ of garnishment was issued, and thereupon the defendant filed a motion in vacation, some 60 days after the rendition of judgment, to set the judgment aside for want of process, and in this motion the county court was asked to grant a restraining order to prevent the levy of the writ of garnishment until such time as the court could hear the motion to set aside the default judgment after due notice to the plaintiff. The restraining order was issued without bond.

Thereafter the default judgment was set aside on the ground that the defendant "was not legally served with process." The cause was then remanded to the docket of the county court for further proceedings.

At the next term of the court a plea of res adjudicata filed by the plaintiff was overruled and the defendant interposed the plea of the three year statute of limitation

hereinbefore mentioned. Thereupon the plaintiff asked leave of the court to amend his declaration so as to allege specifically when the fees for the services sued for became due and payable. No order was entered on the application to amend the declaration. However, the amendment to the declaration was filed and the defendant moved to strike the same on the ground that it had been filed without leave of the court being first had and obtained. Thereupon the suit was dismissed as being barred by the said statute of limitation. Orders appear in the record reciting that the court heard oral proof as to the manner in which the process had been served prior to the rendition of the default judgment, and reciting that the court found that the process "was left at the home of a disinterested, outside, or third party and did not in any wise meet the requirements of service of process." No testimony upon that issue appears in the record.

In view of the foregoing, and other rulings of the court, we have concluded that under the cases hereinbefore cited the cause should be reversed and remanded to the circuit court for trial de novo without prejudice and with leave to the plaintiff to file such amendment to his declaration as he may see fit so as to show wherein, if at all, the statute of limitation is inapplicable, and in order that a record may be made of the proof on that issue, the trial court now having jurisdiction of both the subject matter and the parties, since the defendant by his various pleadings has entered his appearance in court.

Reversed and remanded.

*Roberds, Lee, Holmes, Arrington, Ethridge* and *Lotterhos*, JJ., concur.