## Kyzar *v.* Kyzar

No. 42820 December 2, 1963 157 So. 2d 770

*Jones & Stratton,* Brookhaven; *William F. Riley, Fred C. Berger,* Natchez, for appellant.

No counsel for appellee.

ETHRIDGE, J.

This is an appeal from a decree of the Chancery Court of Lincoln County granting the wife a divorce from her husband for habitual cruel and inhuman treatment, and awarding custody of their four children (ages 9 - 1½)

to the state welfare department, after finding that both parents were not qualified to have them. The only questions are the right of the wife to custody of all four of the children, and an allowance of attorneys' fees for her counsel. We hold she is entitled to both.

Joan and Marvin Kyzar were married on June 12, 1952, and lived together until July 1, 1962. This divorce action was filed that same month, and at that time their four children were Paula, age 9, Theresa Ann, age 6, Angela, age 4, and Marvin, age 19 months. Two of the children were living with Mrs. Kyzar, the complainant, who was residing with her parents in Adams County, and two with the father. In response to the original suit by the wife, Mr. Kyzar answered, and filed a cross bill for divorce on the ground of adultry.

After a hearing, the chancery court granted her a divorce, and dismissed the cross bill. It further held that complainant was not fit or qualified to have the care and custody of the children; and although the father had made every effort to care for them, circumstances prevented him from doing this. He had to leave for work early in the morning, and take the children one and one-fourth miles to the home of a person not related to them for their care, and, the court said, it would not be to their best interest for him to have custody under the circumstances. The court concluded that "for the time being" the best place for the children would be in the care of the Lincoln County Welfare Department, to be placed in a foster home until such time as a showing could be made by either party of changed conditions. The defendant was ordered to pay to the welfare department $20 per month for each child, or a total of $80 monthly. The effective date of the awards of custody was fixed at January 1, 1963. During December 1962 the children should remain in status quo. On January 2, 1963 the new chancellor authorized Mrs. Kyzar to appeal the decree with supersedeas.

 █ Appellee through his attorneys waived process, entered his appearance, and submitted the case to this court for decision without the filing of a brief. Appellant's brief is the only one before us. There are several decisions dealing with disposition of a case where an appellee has not filed a brief. Various approaches and methods have been utilized in deciding them. W. T. Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527 (1932); Columbus & G. Ry. Co. v. Basson, 176 So. 600, (Miss. 1937); Ramsay v. Milner, 192 Miss. 120, 4 So. 2d 889 (1941); Gulf, M. & O. R. Co. v. Webster County, 194 Miss. 660, 13 So. 2d 644 (1943); Anderson v. Rieveley, 218 Miss. 211, 67 So. 2d 249 (1953); Lawler v. Moran, 148 So. 2d 198 (Miss. 1963); see 5 Am. Jur. 2d, Appeal and Error, Sec. 686. It is sufficient here to say that, although we have not fully construed appellee's failure to file a brief as tantamount to a confession of error, we have considered that fact along with the facts reflected in the record, and conclude the chancery court was manifestly wrong in holding that Mrs. Kyzar was unfit to have the care and custody of her four young children. In addition to omitting a defense of the decree, appellee entered no cross appeal, and does not contend he is entitled to custody of the children. Appellant's brief states that she is informed the two children who were allowed to remain with their father, as the result of the supersedeas appeal, have been surrendered by him to the welfare department. There is no denial of this assertion.

 █ The chancery court was warranted in finding, as it did, that for some time before the separation appellee consistently and brutally mistreated his wife, cursing and abusing her and beating her with his fists and feet; that he has a hot temper and apparently is unable to control it. All four of the children are of young and tender years. Three of them are girls, one a boy. It has long been the rule in this state that the

custody of a child of young and tender age should be awarded to the mother if she is competent to care for them. Boswell v. Pope, 213 Miss. 31, 56 So. 2d 1 (1952); Kennedy v. Kennedy, 222 Miss. 469, 76 So. 2d 375 (1954); Brown v. Brown, 237 Miss. 53, 112 So. 2d 556 (1959); Thames v. Thames, 233 Miss. 24, 100 So. 2d 868 (1958). This is an especially important factor for consideration in this case. All of these little children need their mother's care and supervision, if she is able and fit to give it to them.

The evidence does not show that Mrs. Kyzar is morally unfit for their custody. She works as a waitress in a restaurant, but her income has no relevance to her fitness as a mother. She may have been indiscreet on at least one occasion, but her uncontradicted version of that incident does not reflect on her moral character. Contrary to the chancellor's finding, there is no evidence to indicate that the two Natchez restaurants to which she went with coworkers after work were "notorious" or undesirable places. In sum, she loves her children, and there is nothing in the record to show she is morally unfit. Hence the trial court erred in denying appellant their custody. Judgment will be entered here awarding her the care and custody of all four of her children. The chancery court has continuing jurisdiction over these children, and, if there is a material change in conditions, or if it develops that appellant is not discharging her duties to these children, that court has ample power to change their custody. Mrs. Kyzar has the duty to care for these children properly and to see that they receive educational and religious training. This opportunity will be given her, but it is important she realize that her effective discharge of this responsibility is a prerequisite to retention of their custody.

The decree of the chancery court directed appellee to pay to the Lincoln County Welfare Department for the support of his children the sum of $20 per month

for each, or a total of $80 monthly. We affirm the amount of the support money so awarded, but amend the decree to provide that appellee shall pay this support money to Mrs. Kyzar, rather than to the welfare department.

■■ ■ The trial court found that a fee for complainant's attorneys for the trial of the case should be fixed at $250, but in effect ordered it should come out of the proceeds of appellant's one-half interest in the house and lot owned jointly by her and defendant. The result was to deny her a judgment against defendant for her attorney's fee, although she was entitled to it. The decree is amended to provide that appellee shall pay appellant for her attorneys' fee in the trial court the sum of $250, and an additional sum of one-half of that amount ($125) for her attorneys' fee on this appeal, making an aggregate of $375.

In summary, the decree of the chancery court is affirmed in part, insofar as it awarded a divorce and provided for disposition of the property owned jointly by the parties. The decree is reversed in part, and custody of all four children is awarded by this Court to appellant. Judgment is also rendered for appellant against appellee (a) for attorneys' fees, $250, in the trial court, $125 in this Court; and (b) directing appellee to pay appellant for the support of these children the sum of $20 per month for each child, or a total of $80 per month.

Affirmed in part, reversed in part, and judgment rendered here for appellant.

*Lee, P. J. and Kyle, Gillespie and Brady, JJ.*, concur.