383 So.2d 489 (1980)
Allen Phillip TURNER
v.
STATE of Mississippi.
No. 51521.
Supreme Court of Mississippi.
April 23, 1980.
Barry W. Gilmer, Robert M. Jones, Jackson, for appellant.
*490 A.F. Summer, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and COFER, JJ.
SUGG, Justice, for the Court:
Defendant was indicted, tried, and convicted in the Circuit Court of the First Judicial District of Hinds County for the rape of a female child under the age of twelve years and sentenced to life imprisonment.
Defendant assigns as error: (1) denial of his right to a speedy trial, and (2) the jury verdict was against the overwhelming weight of the evidence. We do not reach the second assignment of error because we reverse for the reason that defendant was not tried within 270 days after his arraignment as required by section 99-17-1 Mississippi Code Annotated (Supp. 1978), and good cause for failure to comply with the statute was not shown. The statute provides:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
Defendant was arraigned on July 11, 1977, and tried on November 27, 1978, more than 270 days after his arraignment. The question is whether the state showed good cause for not trying the defendant no later than 270 days after his arraignment.
The attorney then representing defendant, filed a motion for a psychiatric examination on July 25, 1977. An order providing for the examination of defendant was signed on August 8, 1977, but was not docketed and filed until April 7, 1978. Another firm of attorneys was appointed to represent the defendant in December, 1977. These attorneys made an investigation of the facts and unsuccessfully attempted to locate a witness who, according to the defendant, could establish an alibi.
The defendant remained incarcerated and wrote one of the Hinds County circuit judges inquiring about the status of his case. The Judge had the court administrator investigative and found that the order of August 8, 1977, was not entered on the docket but was loosely filed in the court file, and a copy of the order had not been delivered to the sheriff. Following a conference between the judge and the attorneys representing the defendant, and at the court's request, the attorneys filed another motion requesting a psychiatric examination. The motion was filed and an order entered on June 30, 1978. The psychiatric examination was completed and a report returned to the court on July 13, 1978. The attorneys for the defendant filed a motion on September 12, 1978, to dismiss the indictment on the grounds that more than 270 days had passed since defendant was arraigned and that defendant had been prejudiced by the unreasonable delay in the trial of his case because he could not locate a material witness.
After an evidentiary hearing, the court overruled the motion to dismiss because the procedure in use at that time required the attorney who obtained an order for psychiatric examination to see that the order was docketed and a copy furnished the sheriff so the sheriff could deliver the accused to the proper authorities for psychiatric examination.
We hold the trial judge erred when he failed to dismiss the case. "A defendant has no duty to bring himself to trial; the State has the duty as well as the duty of insuring that the trial is consistent with due process." Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In Barker, the Court stated that a balancing test necessarily compels courts to approach speedy trial cases on a case by case basis and set forth four factors to be considered in determining whether a particular defendant has been deprived of his right to a speedy trial. One of the factors was stated as follows:
Closely related to length of delay is the reason the government assigns to justify *491 the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay. (407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117).
Our speedy trial statute, section 99-17-1, is plain and unambiguous and requires trial of a defendant no later than 270 days after his arraignment unless good cause be shown for trial after 270 days. Payne v. State, 363 So.2d 278 (Miss. 1978). The state bears the burden of bringing to trial one charged with crime within the time prescribed by statute or showing good reason for failure to comply with the statute. In this case the defendant was charged with the responsibility of seeing that the order for his psychiatric examination was timely filed and placed in the hands of the sheriff, thus requiring him to monitor the administrative process of the trial court and to bring himself to trial. This was error because the responsibility for having a psychiatric examination made in compliance with the order of August 8, 1977, rested upon the state rather than the defendant. Failure to carry out this responsibility cannot be charged to the defendant. The result of the inaction of the state deprived defendant of his constitutional right to a speedy trial within the time fixed by the legislature. We hold that good cause was not shown by the state for failing to try the defendant no later than 270 days after his arraignment, and the trial court erred when it denied defendant's motion to dismiss.
Defendant also argued that he was prejudiced by the delay because a material witness became unavailable as a result of the delay in bringing him to trial. Barker v. Wingo, supra.
The state did not respond to this argument in its brief. Its failure to respond is tantamount to confession of error and will be accepted as such. The reason for the rule is that an answer to appellant's brief cannot be safely made by this Court, without our doing what appellee should have done, namely, brief the appellee's side of the case. This we are not called on to do. Stampley v. State, 284 So.2d 305 (Miss. 1973); Lawler v. Moran, 245 Miss. 301, 148 So.2d 198 (1963); Gulf, M. & O.R. Co. v. Webster County, 194 Miss. 660, 13 So.2d 644 (1943). See also, other cases cited in Stampley. Although these cases dealt with the failure of an appellee to file any brief, the rule applies where appellee fails to respond to a part of appellant's brief.
Defendant makes a strong argument that he was prejudiced by the delay in his trial. The failure of the state to answer this argument is tantamount to a confession of error and will be accepted as such.
REVERSED AND DEFENDANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and BROOM and COFER, JJ., concur.
LEE, BOWLING and WALKER, JJ., dissent.
LEE, Justice, dissenting:
I dissent from the majority opinion for reasons expressed in the dissenting opinion of Justice Bowling, and, in addition, I do not think that the statute mandates a discharge of the accused unless the statute is clearly violated and the accused has sustained prejudice by reason thereof.
Section 26, Miss.Const. 1890, provides that in all prosecutions by indictment or information the accused shall have the right to a speedy trial by an impartial jury. In all Code sections subsequent thereto, the statute required a speedy trial. Mississippi Code Annotated Section 99-17-1 (1972), carried forward since the adoption of the constitutional provision, recited the following, prior to July 1, 1976:

*492 "All indictments shall be tried at the first term, unless good cause be shown for a continuance."
This Court, applying that statute where an indictment was not tried at the first term, held that the continuance of a cause from the return term did not entitle an accused to be discharged. In Heard v. Clark, 156 Miss. 355, 126 So. 43 (1930), the Court said:
"The constitutional right to a speedy trial is a very sacred right, of which neither the legislature nor the courts have the right to deprive the accused; but what constitutes a speedy trial is not defined by the Constitution, and we will assume, as the courts seem to hold, that within reasonable limits it can be defined by the legislature. The appellant contends that the legislature did this by enacting the statute set forth, and that the statute should be construed as if it read, `All indictments shall be tried at the first term, and cannot be thereafter, unless good cause be shown for a continuance.'
We do not so understand the statute. We have not undertaken to ascertain how long this statute has been in existence, but it appeared in the Code of 1871 as section 2785 thereof, and the case of Ex parte Caples, 58 Miss. 358, decided by this court in October, 1880, is very similar to, and seems to control, the one now at bar. In that case, the trial court adjourned for the term shortly after convening, without trying, and over the protest of, one accused of a felony. He thereupon sued out a writ of habeas corpus and was admitted to bail. On the appeal to this court he claimed immunity from further prosecution under the Constitution, which then, as now, gives an accused the right to a speedy trial. The court held that one arbitrary continuance did not entitle an accused to a discharge, but left open, as we do here, the effect of more than one such continuance on the right of an accused to a discharge.
It is true that the statute was not there referred to, but had it been, we are of the opinion that the result would not have been different. Moreover, the statute has been twice re-enacted since that decision was rendered, and had the legislature intended it to have the effect which the appellant here would have us give it, it would have re-written the statute in language clearly setting forth that purpose." 156 Miss. at 357-58, 126 So. at 43-44.
Effective July 1, 1976, Section 99-17-1 was amended to read:
"Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Miss. Code Ann. § 99-17-1 (Supp. 1979).
The amended statute, like that prior to amendment, did not provide that the accused be discharged in the event he was tried more than two hundred seventy (270) days after arraignment. As the Court stated in Heard, supra, if the legislature had intended a discharge for failure to comply with the statute, that intent would have been expressed in the present statute.
I have no quarrel with the decisions of this Court and the Federal courts construing constitutional provisions with reference to speedy trials. Each case has to be decided on its own facts. I think that the provisions of the Federal and State constitutions and of Section 99-17-1 only require that an accused be discharged in denying him a speedy trial which results in prejudice and in the denial of a fair trial to him. Except for those reasons, I do not think an accused should be discharged and I do not think the legislature intended otherwise. The trial judge, on an evidentiary hearing for that purpose, found that appellant was not prejudiced and that his claim of an absent witness was incredible. I would modify, or overrule, Payne v. State, 363 So.2d 278 (Miss. 1978) and cases in support thereof, to the extent that the expressions here made control.
WALKER and BOWLING, JJ., join this dissent.
*493 BOWLING, Justice, dissenting:
I dissent from the majority opinion in this case.
The appellant, a convicted rapist, is being completely discharged because he was not tried within 270 days after being arraigned. The alleged failure is pursuant to Mississippi Code Annotated section 99-17-1 (1972), as set out in the majority opinion. The fallacy of the majority, in my humble opinion, is that the Legislature, in enacting the statute, clearly set out that the 270-day limit did not apply if "good cause be shown" for not having a trial during the required period. This exception clearly has been set out in prior opinions of this Court. In my judgment, there is no doubt that "good cause" clearly was shown which prohibits the discharge of the appellant.
In the first place, we have to look at the record of the case in the perspective of three different "sets" of attorneys who have handled the matter for the appellant. The first two were discharged at his request. All are competent attorneys but none seemed to satisfy appellant, although court appointed and paid for by the State. It is indicative of the course of the matter that the first attorneys handled appellant's case through the phase of arraignment, and preliminary motions. The second set of attorneys handled the second request for a psychiatric examination and the hearing on appellant's motion to dismiss under the statute. The third attorney handled the actual trial of the case and this appeal.
It is not determinative of the issues presented here, but any member of the bar with any appreciable trial experience knows that a defendant who gets three different sets of attorneys to handle his case at three different times and periods should expect delays.
On September 15, 1978, a hearing was had before the circuit judge by the second set of attorneys on the motion resulting in appellant's discharge by the majority. It developed in that hearing, as stated in the majority opinion, that the first order for a psychiatric examination was placed in the file and was not brought to the attention of the sheriff by either the state or the then defense attorney. The majority opinion places the entire burden and responsibility of getting the accused examined on the state. I respectfully submit that this is an erroneous conclusion. The defense attorney is the one who requested the examination; he was the one who drew the order and had it executed by the circuit judge; he was the one who knew that a delay in the examination would result in a delay of appellant's trial; he was the one who caused the order to be placed in the court file. The conclusion of the majority would serve to permit defendants to "sand-bag" and take action to delay psychiatric examinations. It is interesting to note that the second set of attorneys was appointed in December, 1977, yet, the so-called "missing order" secured by the first attorney was not "discovered" until April 7, 1978. It is admitted that the "lost order" was in the court file all the time. The only trouble was that its filing was not listed on the docket book. Is it not expected that the attorneys for the defendant inspect that defendant's file the same as the state?
The majority quotes from the United States Supreme Court case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In examining that case, I do not find that it supports the majority opinion. Even the United States Supreme Court stated there that:
The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice. [Emphasis supplied].
The opinion further imposes a duty upon the defendant's attorney to take action in preparing for trial and not just wait out the state to see that pretrial procedures are had. In the present case, there was absolutely no action whatever by defendant's attorney to expedite the pretrial order for examination. Barker, supra, holds that the defendant through his attorney is required to do something, even if little, to secure a speedy trial. As was said in Barker:

*494 The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.
An accused only can act through his attorney. The first of three attorneys filed the first motion for a psychiatric examination. He did absolutely nothing for the accused to justify later contending that any delay was caused solely by the state.
From the outset, the lower court advised all parties that considerable delay was being had in securing psychiatric examinations of persons accused of crime at the Mississippi State Hospital for the reason of the overcrowded patient load, and the lack of personnel. There is no evidence that the accused could have been examined even in the period of time from the indictment to his actual examination. In fact, because of the known delay, the lower court offered to have the accused examined by the Jackson Mental Health Center rather than wait for examination at the State Hospital.
The majority opinion states that a defendant has no duty to bring himself to trial. Any member of the bar with trial experience knows that in a lot of cases it is advantageous for the defendant deliberately to cause delays. I respectfully submit that the duty of expediting court trials is on all members of the bar, whether state prosecutors or defense attorneys.
The trial court, in the opinion overruling appellant's motion to dismiss, affirmatively stated that:
It was customary procedure at that time [when the former judge signed the examination order of August 8, 1977] as well as at the present time for an attorney who obtains an order from the court to see that the order is put on record and that a copy is furnished to the sheriff in order that he can carry out the directions of the court and deliver the defendant to the Mississippi State Hospital at Whitfield for examination. [Emphasis supplied].
We find no dispute with this ruling of the trial court in the record.
The majority opinion states that reversible error exists because the state did not respond to appellant's contention that the delay caused him harm. With all deference to the majority, this is just not correct. There were only two assignments of error propounded in the pleadings in this Court. They were:
1. The defendant was denied the right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution and Article 3, section 26 of the Constitution of the State of Mississippi. [No mention is made of Mississippi Code Annotated Section 99-17-1 (1972)]. (Emphasis supplied).
2. That the jury verdict and judgment of conviction was against the overwhelming weight of the evidence.
It is clear to me that the person briefing the case before this Court for the state recognized that the contention of appellant of any harmful delay was not well founded and according to this record needed no answer. This was not charged in the assignment of errors and was only incidental argument. If this Court starts assuming that everything is true as contended by one party in a brief and not denied by another, then we will shortly be in a state of hopeless confusion. The lower court clarified the matter of harmful delay in which appellant's second attorney contended that a material witness could not be located. At the hearing on the motion, appellant's second attorneys placed a witness on the stand to try and show the fact of a missing witness. In ruling on the motion, the lower court, who has the duty of observing witnesses and making decisions on conflicting matters such as this, stated: "First, as a matter of finding of fact, I observed James Turner on the stand and find his testimony completely unbelievable."
*495 As stated above, why should there be any need for the state to answer further the testimony of witness James Turner? In addition to this and regardless of the disbelief of the contentions by the lower court, it advised defendant's attorneys as follows:
I want to advise you and I will so instruct the district attorney that they will use their investigators to assist you in locating this person known as Phillip, and give him some guidance to follow. The information furnished by Mr. James Turner from the stand would be of very little benefit to anyone in locating the witness. Do you understand my request?
As stated above, the thrust of appellant's argument under his constitutional assignment of error is the mathematical count of 270 days, and the question of "good cause," not an alleged missing witness. This was secondary and did not enter into the disposition of the case in the trial court. No competent attorney writing a brief in opposition to appellant's brief would have thought it important to affirmatively go into the proposition that the appellant was prejudiced because of any delay as shown by the record in this case. As stated, the issue was whether or not there was "good cause" to justify a delay in the trial, not the alleged absence of a witness at the time of trial. To hold that a reversible error exists because of the alleged missing witness and the state's failure to stress that point, the testimony about which made such an impression on the trial judge, is placing an undue burden on the state. Under the majority opinion, every brief before this Court would be as long as possible to be sure and answer every statement of the opposing brief.
In my humble opinion, if there ever shall be a case where the 270-day trial rule should not be applied because the record shows "good cause" for not having a trial within that time, this is one. It is not a case of penalizing the accused. With deference, the majority opinion, when read after a full study of the record, penalizes the state and gives the accused who can fire attorneys at will, an advantage. No delay in this case was caused by the state. As hereinbefore seen, and as is known by trial attorneys, orders resulting in delays, which orders are prepared and presented to the trial court by attorneys and taken from the trial court's presence by that attorney, carry with them the requirement that that attorney has the duty of doing the necessary acts to effect the purpose of the order. I would affirm.
WALKER and LEE, JJ., join in this dissent.