I dissent from the majority opinion for reasons expressed in the dissenting opinion of Justice Bowling, and, in addition, I do not think that the statute mandates a discharge of the accused unless the statute is clearly violated and the accused has sustained prejudice by reason thereof.
Section 26, Miss.Const. 1890, provides that in all prosecutions by indictment or information the accused shall have the right to a speedy trial by an impartial jury. In all Code sections subsequent thereto, the statute required a speedy trial. Mississippi Code Annotated Section 99-17-1 (1972), carried forward since the adoption of the constitutional provision, recited the following, prior to July 1, 1976: *Page 492 
 "All indictments shall be tried at the first term, unless good cause be shown for a continuance."
This Court, applying that statute where an indictment was not tried at the first term, held that the continuance of a cause from the return term did not entitle an accused to be discharged. In Heard v. Clark, 156 Miss. 355, 126 So. 43 (1930), the Court said:
 "The constitutional right to a speedy trial is a very sacred right, of which neither the legislature nor the courts have the right to deprive the accused; but what constitutes a speedy trial is not defined by the Constitution, and we will assume, as the courts seem to hold, that within reasonable limits it can be defined by the legislature. The appellant contends that the legislature did this by enacting the statute set forth, and that the statute should be construed as if it read, `All indictments shall be tried at the first term, and cannot be thereafter, unless good cause be shown for a continuance.'
 We do not so understand the statute. We have not undertaken to ascertain how long this statute has been in existence, but it appeared in the Code of 1871 as section 2785 thereof, and the case of Ex parte Caples, 58 Miss. 358, decided by this court in October, 1880, is very similar to, and seems to control, the one now at bar. In that case, the trial court adjourned for the term shortly after convening, without trying, and over the protest of, one accused of a felony. He thereupon sued out a writ of habeas corpus and was admitted to bail. On the appeal to this court he claimed immunity from further prosecution under the Constitution, which then, as now, gives an accused the right to a speedy trial. The court held that one arbitrary continuance did not entitle an accused to a discharge, but left open, as we do here, the effect of more than one such continuance on the right of an accused to a discharge.
 It is true that the statute was not there referred to, but had it been, we are of the opinion that the result would not have been different. Moreover, the statute has been twice re-enacted since that decision was rendered, and had the legislature intended it to have the effect which the appellant here would have us give it, it would have re-written the statute in language clearly setting forth that purpose." 156 Miss. at 357-58, 126 So. at 43-44.
Effective July 1, 1976, Section 99-17-1 was amended to read:
 "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Miss. Code Ann. § 99-17-1 (Supp. 1979).
The amended statute, like that prior to amendment, did not provide that the accused be discharged in the event he was tried more than two hundred seventy (270) days after arraignment. As the Court stated in Heard, supra, if the legislature had intended a discharge for failure to comply with the statute, that intent would have been expressed in the present statute.
I have no quarrel with the decisions of this Court and the Federal courts construing constitutional provisions with reference to speedy trials. Each case has to be decided on its own facts. I think that the provisions of the Federal and State constitutions and of Section 99-17-1 only require that an accused be discharged in denying him a speedy trial which results in prejudice and in the denial of a fair trial to him. Except for those reasons, I do not think an accused should be discharged and I do not think the legislature intended otherwise. The trial judge, on an evidentiary hearing for that purpose, found that appellant was not prejudiced and that his claim of an absent witness was incredible. I would modify, or overrule, Payne v.State, 363 So.2d 278 (Miss. 1978) and cases in support thereof, to the extent that the expressions here made control.
WALKER and BOWLING, JJ., join this dissent. *Page 493