KITCHENS, Justice,
dissenting:
¶41. Larry Wells has made a prima facie claim of constitutional dimensions to which the State has not responded in any *1148 way. The State has not even acknowledged that the claim was made. The majority’s determination that it cannot address an issue raised by the appellant yet left unaddressed by the State sets a disturbing precedent that encourages the State to ignore potentially viable claims affecting the fundamental constitutional rights of persons convicted of crimes. Today’s decision removes the necessity for the State, in future cases, to argue against defendants’ speedy-trial claims made for the first time on appeal. I would hold the State to the arguments that it has made on appeal, treating its failure to address Wells’s claim as a concession that his speedy-trial rights were violated, and I would reverse and render Wells’s conviction and sentence due to the denial of his right to a speedy trial. Smith v. State, 550 So.2d 406, 409 (Miss.1989).
1Í42. The United States Constitution and the Mississippi Constitution guarantee the right to a speedy trial to criminal defendants. U.S. Const, amend. VI; Miss. Const, art. 8, § 26. The observance of this right is so vital to our system of justice that, when it is violated, the sole remedy is reversal of the conviction and dismissal of the charges with prejudice. Smith, 550 So.2d at 409 (citing Perry v. State, 419 So.2d 194, 197 (Miss.1982)). The burden of proving good cause for a speedy-trial delay lies upon the State, and the State thus bears the burden of nonpersuasion. Price v. State, 898 So.2d 641, 647 (119) (Miss.2005) (citing DeLoach v. State, 722 So.2d 512, 516 (¶ 12) (Miss.1998)). Further, “[i]t is not the duty of the accused to bring himself to trial.... It is the State, of course, that bears the burden of bringing an accused to trial in a speedy manner.” McGhee v. State, 657 So.2d 799, 804 (Miss.1995) (citations omitted).
¶ 48. This Court has held that a “failure to respond [to an issue on appeal] is tantamount to confession of error and will be accepted as such.” Turner v. State, 383 So.2d 489, 491 (Miss.1980). We should treat it as a confession of error, because “an answer to appellant’s brief cannot be safely made by this Court, without our doing what appellee should have done, namely, brief the appellee’s side of the case. This we are not called on to do.” Id. (citing Stampley v. State, 284 So.2d 305 (Miss.1973); Lawler v. Moran, 245 Miss. 301, 148 So.2d 198 (1963); Gulf, M. & O.R. Co. v. Webster County, 194 Miss. 660, 13 So.2d 644 (1943)). In this case, the State has specifically asked us to consider only the arguments made in its brief. The entirety of the State’s conclusion says, “Based upon the arguments presented herein as supported by the record on appeal the State would ask this reviewing court to affirm the verdict of the jury and sentence of the trial court.” (Emphasis added.)
¶ 44. Accordingly, if Wells has made a prima facie claim that his delay was presumptively prejudicial and that there was no good cause for the delay, and the State has done nothing to rebut that presumption or show good cause, we have no choice but to hold the error conceded and rule for the defendant. See Jackson v. Walker, 240 So.2d 606, 606 (Miss.1970) (Where the appellant filed a brief and no brief was filed by the appellee, this Court concluded that “[s]ince the appellant’s brief in the case at bar makes out an apparent case of error, we do not regard it our obligation to look to the record to find a way to avoid the force of the appellant’s argument.”). Wells has shown a delay of constitutional dimensions and I would hold that such delay was presumptively prejudicial. Based upon the State’s apparent lack of interest in arguing otherwise, I would hold that the presumption of prejudice stands unrebutted. See Price v. State, 898 So.2d 641, 648 (¶ 13) (Miss.2005) (“Any delay of *1149 over eight months is presumptively prejudicial,]” and, “[o]nce the delay is found presumptively prejudicial, the burden shifts to the prosecution to produce evidence justifying the delay....”). While it is true that the trier of fact in this case never held a hearing on Wells’s speedy-trial claim, the State’s complete failure to argue that particular procedural bar, let alone the merits of the claim itself, is sufficient to convince me that this Court can and should address the issue, holding the State’s silence as a confession of error.
¶45. And finally, a call to reason. If this dissent were the majority opinion, Larry Press Wells, a 56-year-old man convicted of selling approximately 1/1000 of an ounce of cocaine, would be released from prison. He has no violent crimes on his record. The State would have been put on notice that, in the future, it would do well to address constitutional issues raised by convicted defendants. Parties before this Court fail to brief issues at their peril, and when an issue left unargued involves the alleged denial of a fundamental constitutional right that stands (or stood) as a firm bulwark against tyranny, I would err on the side of liberty. Larry Press Wells has laid his speedy-trial weights on the scales of justice and found the other side unoccupied. As justices of our state’s highest court, we are to look only at the balance of the scales. I find that they clearly weigh in Larry Wells’s favor. I would reverse and render his conviction and sentence.
DICKINSON, P.J., AND COLEMAN, J., JOIN THIS OPINION.